Michael Dwain **EFFLER**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 11–02–00263–CR.

Court of Appeals of Texas,
Eastland.

Aug. 7, 2003.

Rehearing Overruled Oct. 16, 2003.

Gary D. Peak, Eastland, for Appellant.

Michael Dwain Effler, Huntsville, pro se.

Tim Ford, Dist. Atty., for State.

Panel consists of: W.G. ARNOT, III, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

After the trial court denied his written motion to suppress evidence, Michael Dwain Effler pleaded guilty to the offense of possession of a controlled substance, to-wit: methamphetamine, in an amount greater than 400 grams. The trial court assessed appellant's punishment at con-finement for a term of 35 years in the Institutional Division of the Texas Department of Criminal Justice and imposed a fine of $5,000. Appellant raises three issues which attack the trial court's denial on the motion to suppress. We affirm.

In reviewing a trial court's ruling on a motion to suppress, we use a bifurcated standard of review. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Cr.App.2000). We afford almost total deference to a trial court's determination of historical facts supported by the record, especially when the trial court's fact findings are based upon an evaluation of credibility and demeanor. *State v. Ross,* 32 S.W.3d 853, 856 (Tex.Cr.App.2000)(citing *Guzman v. State,* 955 S.W.2d 85, 88–89 (Tex.Cr.App.1997)). We afford the same amount of deference to the trial court's ruling on mixed questions of law and fact if the resolution of those questions turns on an evaluation of credibility and demeanor. *Guzman v. State,* supra at 89. However, we review de novo the trial court's application of the law to the facts. *Guzman v. State,* supra at 89.

Appellant sought to suppress physical evidence obtained from his trailer house after a warrantless entry by law enforcement officers. Area law enforcement officials responded to a report of unusual odors emanating from appellant's trailer house. The officers that responded to the scene detected the strong smell of anhydrous ammonia and ether upon their arrival at appellant's trailer house. The officers testified that these odors are commonly present during the manufacture of methamphetamine. As they walked toward appellant's trailer house, the officers heard the sound of someone running in the trailer house.

Two officers approached the front door of the trailer house while additional officers covered the other doors to the trailer

house. Appellant's guest answered the door. The officers requested permission to enter the home. The guest advised the officers that he would need to obtain permission from appellant in order to permit them to enter. The officers testified that the guest then turned around quickly and started running; at that point the officers entered the trailer house. The officers apprehended appellant as he was attempting to pour the contents of two one-gallon jars down a sink. The officers observed plastic bags containing an off-white powder substance during their sweep of the trailer house. The officers subsequently obtained a search warrant based on the facts they observed during their initial entry into the residence.

■ Appellant contends in his third issue that the trial court abused its discretion in finding the officers' testimony credible. Appellant's guest denied that anyone was running inside of the trailer house upon the officers' arrival at the home. He further denied that he ran from the door after encountering the police. Appellant also attacks the officers' testimony by pointing out that some of the details of their testimony at the hearing on the motion to suppress were omitted from their written report of the incident. As noted previously, we afford almost total deference to a trial court's determination of a witness's credibility. *State v. Ross,* supra at 856. The record does not demonstrate that the trial court abused its discretion in accepting the officers' account of what occurred. Appellant's third issue is overruled.

In his first issue, appellant attacks the officers' warrantless entry into his residence. The facts in this case are similar to those in *McNairy v. State,* 835 S.W.2d 101, 106 (Tex.Cr.App.1991). Police officers in *McNairy* detected the strong smell of methamphetamine emanating from a trail-

er house. As they approached the trailer house, the officers heard individuals running from the residence into nearby brush. As the officers looked through the doors of the trailer house to see if anyone was present, they observed chemicals associated with the manufacture of methamphetamine. The court ultimately upheld this warrantless search of the trailer house. The Court of Criminal Appeals stated as follows with respect to the law applicable to the case:

> An unconsented police entry into a residential unit constitutes a search.

> \* \* \*

> In order for a warrantless search to be justified, the State must show the existence of probable cause at the time the search was made, and the existence of exigent circumstances which made the procuring of a warrant impracticable. Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found.

> \* \* \*

> If probable cause is present, the inquiry becomes whether exigent circumstances existed to obviate the need for a search warrant and justify the [warrantless entry].

> \* \* \*

> A variety of such circumstances may place a police officer in situations in which a warrantless entry is viewed as a reasonable reaction by the officer. Situations creating exigent circumstances usually include factors pointing to some danger to the officer or victims, an increased likelihood of apprehending a

suspect, or the possible destruction of evidence. (Citations omitted)

*McNairy v. State*, supra at 106–07.

■ We first analyze the record for evidence indicating the existence of probable cause. The trial court filed detailed findings of fact in this proceeding. The trial court determined that probable cause existed based on several factors, including the smell of odors associated with the manufacture of methamphetamine emanating from appellant's trailer house, the officers' knowledge and experience that these odors were associated with the manufacture of methamphetamine, the officers' perception of someone running inside the trailer house as the officers approached the front door, and the guest's act of running quickly from the door after making contact with the officers. As was the case in *McNairy*, these facts indicate the existence of probable cause to search.

■ We next review the record to determine whether exigent circumstances existed to justify the warrantless entry into the residence. The officers testified that they were concerned about the destruction of evidence and their personal safety as a result of both the movement they heard inside of the trailer house as they approached the front door and the guest's act of moving quickly away from the door after making contact with them. The possible destruction of evidence can serve as an exigent circumstance permitting a warrantless entry if the police could have reasonably concluded that evidence would have been destroyed or removed before they could obtain a search warrant. *McNairy v. State*, supra at 107. We conclude that exigent circumstances justified the officers' entry into appellant's trailer house based on the movement inside the trailer house detected by the officers as they approached the front door, the guest's act of moving quickly away from

the door after making contact with the officers, and the officers' knowledge that the guest was not alone in the home. Appellant's first issue is overruled.

We note that the Court of Criminal Appeals has recently issued an opinion which addresses probable cause based on an officer's detection of a drug-related smell emanating from a residence. In *State v. Steelman*, 93 S.W.3d 102, 104 (Tex.Cr.App. 2002), police officers received an anonymous tip that drug dealing was taking place at the Steelman residence. The officers detected the smell of burnt marihuana emanating from the residence when one of the occupants opened the door. The officers entered the home and arrested all of the occupants for possession of marihuana based on their detection of this odor. The Court of Criminal Appeals affirmed this court's determination that the arrest and subsequent search were invalid. The court held in *Steelman* that odors alone do not authorize a warrantless search and seizure in a home. *State v. Steelman*, supra at 108. *Steelman* is legally and factually distinguishable from the instant case. There was no claim in *Steelman* of exigent circumstances requiring the officers' entry into the residence. Furthermore, the officers in *Steelman* entered the home for the purpose of effecting a warrantless arrest of its occupants. The officers in this appeal entered appellant's trailer house for the purposes of preventing the destruction of evidence and protecting themselves.

Appellant argues in his second issue that the search warrant that the officers eventually obtained and served was invalid. This issue is dependent upon a determination that the officers' initial entry into the residence was invalid. Our determination that the initial entry was valid is dispositive of this issue. Appellant's second issue is overruled.

The judgment of the trial court is affirmed.