NO. 07-02-0354-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 26, 2004

_____

CHRISTOPHER CHAD PARKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF BAILEY COUNTY;

NO. 10780; HONORABLE MARILYN COX, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Appellant Christopher Chad Parker appeals from his conviction for possession of marijuana. He urges that the trial court erred in failing to suppress evidence of marijuana found by officers after the officers entered appellant's house without a warrant. We affirm.

On April 2, 2001, officers from the Muleshoe Police Department and Bailey County sheriff's office went to appellant's house to investigate a report that minors were drinking

in the house. One officer looked into the residence through a window as a second officer knocked on the front door. A voice in the house said "It's the police" and someone ran up the stairs to the second story of the house.

Appellant opened the door in response to the officer's knock. When he did so, the officers smelled the odor of burned marijuana emanating from within the house. The officers informed appellant that they were at the residence to investigate a report of underage drinking, but that because of the odor of marijuana the officers intended to enter and secure the residence. Appellant attempted to close the door, but one officer stuck his foot in the doorway and again explained to appellant that the officers were going to secure the residence. Appellant then opened the door, the officers entered the house, secured it, located all of the occupants, and directed them to be seated in the living room. During this time, additional officers arrived in response to a radio call from the original officers. As the on-scene supervisor was explaining the situation to appellant and appellant's wife and asking for consent to search the house, another officer noticed a marijuana "joint" in plain view in an ashtray in the living room. There was also loose marijuana, in plain view, scattered on a pizza box. After the supervisor was notified of the marijuana, he obtained verbal consent from appellant to search the house. The only other contraband discovered during the search was a pipe found in an upstairs bedroom that smelled of burned marijuana.

Appellant filed a motion to suppress, alleging that the evidence of marijuana was obtained illegally since it was not discovered pursuant to a warrant, consent, or probable cause. After an evidentiary hearing, the trial court overruled appellant's motion. No

findings of fact or conclusions of law were filed. A jury convicted appellant and sentenced him to 180 days in jail and a $1,000.00 fine.

Appellant presents one issue by which he challenges the trial court's failure to suppress evidence of marijuana discovered after what he terms the officers' illegal entry into his home.

The standard of review in regard to trial court rulings on motions to suppress is a bifurcated standard. Appellate courts afford almost total deference to trial court determinations of historical facts and to decisions involving mixed questions of law and fact if the resolution of those questions depends on an evaluation of credibility and demeanor. In such circumstances, appellate courts review for an abuse of discretion. See Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). If the application of the law to facts is not dependent on an evaluation of credibility and demeanor, then our review is *de novo*. Id.

When the standard of review is for abuse of discretion, reviewing courts must uphold the trial court's decision on any proper grounds, regardless of the basis expressed by the trial court for its ruling. See State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000). If no explicit findings of fact are made by the trial court, an appellate court assumes that the trial court made implicit findings which are supported by the record and which support the conclusion of the trial court. Id. at 855.

Appellant cites State v. Steelman, 93 S.W. 3d 102 (Tex.Crim.App. 2002), for the position that the smell of burned marijuana does not, by itself, present a sufficient basis for probable cause to enter a private residence and arrest an individual. Appellant contends that because the officers did not have a basis to enter his home to make a warrantless arrest, they did not have sufficient probable cause to enter his residence without a warrant and conduct a search of the residence.

In Steelman, the Abilene Police received a tip of drug dealing originating from the Steelman's residence. Upon arrival at Steelman's home, the police looked through a window but were unable to see any illegal activity. The officers then knocked on the door. When Steelman opened the door, the officers smelled the odor of burned marijuana. Steelman tried to close the door, but an officer placed his foot in the doorway and eventually forced his way into the residence. Once inside the residence, the officers arrested everyone within the home. Id. Up to this point, the officers did not have a warrant nor had they obtained consent to enter the residence.

At the conclusion of a pretrial suppression hearing, the trial court found that the warrantless arrest of Steelman was illegal since the odor of marijuana, standing alone, did not provide sufficient probable cause to lead officers to believe that Steelman had committed an offense in their presence. The trial court granted the motion to suppress pursuant to TEX. CRIM. PROC. CODE ANN. § 14.01(b) (Vernon 1977), finding that the State had failed to prove that an offense had been committed in the officer's presence. Id. at 106. The trial court held that once an officer arrests a person without a warrant or without observing an offense, any evidence obtained after the arrest must be suppressed. Id. at

105. The Court of Criminal Appeals upheld the decision of the trial court, stating that the odor of marijuana, standing alone, does not authorize a warrantless search or seizure of a home. Id. at 108.

The facts in appellant's situation do not mirror those in Steelman. Appellant's situation is more akin to the facts in Effler v. State, 115 S.W.3d 696 (Tex.App.--Eastland 2003, no pet.). In Effler, the police, without a warrant, went to a trailer house in response to a report of unusual odors emanating from the trailer. Upon arriving at the trailer the officers detected odors which they identified as a type commonly present during the manufacture of methamphetamine. As the officers walked toward the trailer house, they heard the sound of someone running inside the trailer. A guest in the trailer house responded to the officers' appearance at the door. In response to the officers' request to enter the trailer, the guest indicated that he would seek permission for them to enter. The guest then turned and ran into the trailer. The officers followed and apprehended Effler as he was attempting to pour the contents of two one-gallon jugs down a sink. The officers also observed plastic bags containing an off-white substance. The trial court refused to suppress the evidence based on Effler's claim that the warrantless entry into his trailer was illegal. Relying on McNairy v. State, 835 S.W.2d 101 (Tex.Crim.App. 1991), the court of appeals affirmed based on the trial court's determination that (1) at the time of entry into the trailer, the officers had probable cause to believe that a search would yield evidence of a crime or the instrumentality of a crime; and (2) exigent circumstances existed which permitted a warrantless entry into Effler's home. Effler, 115 S.W.3d at 698-99.

Although appellant argues that Steelman is identical to the case at hand, in Steelman, the dispositive issue was whether probable cause existed to justify a warrantless arrest of Steelman in his home. Steelman, 93 S.W.3d 109. The considerations in reviewing probable cause differ on whether the issue involves an arrest, a search or a seizure. See Segura v. United States, 468 U.S. 796, 810, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984); See also Mireles v. State, No. 01-03-00407-CR, 2004 WL 1172100, at *2 n.1 (Tex.App.–Houston [1 Dist.] May 27, 2004) (not designated for publication). Probable cause to search a residence exists when reasonably trustworthy facts and circumstances known to officers at the time of entry would lead a reasonably prudent person to believe that evidence of a crime will be found within the residence. See McNairy, 835 S.W.2d at 106.

In the case before us, appellant does not dispute or challenge the officers' testimony that when the officers approached appellant's house, they heard someone in the house announce that the police were at the front door, the officers observed a person running upstairs after that announcement, and then, when the door was opened, the officers smelled burned marijuana. Regardless of the standard of review we apply, see Guzman, 955 S.W.2d at 89, such testimony and evidence created probable cause for the officers to believe that a search of the residence would yield evidence of a crime or the instrumentality of a crime. See McNairy, 835 S.W.2d at 106-07; Effler, 115 S.W.3d at 699.

We next inquire as to whether, in addition to the presence of probable cause, exigent circumstances existed to justify entry into appellant's home without a warrant. To determine whether exigent circumstances existed, we review (1) the degree of urgency and

the amount of time necessary to obtain a warrant; (2) the reasonableness of the belief that contraband was subject to destruction or removal; (3) the possibility of danger to the police officers securing the site pending the application for a warrant; (4) the suspects' awareness of police presence or surveillance; and (5) the ready destructibility of the contraband. See McNairy, 835 S.W.2d at 107.

In addition to the evidence supporting probable cause which we have noted above, the officers' testimony reflected that the average time to obtain a search warrant was a little over an hour and that the officers believed the residence should be secured to prevent the destruction of evidence of marijuana in the house. No evidence was offered in regard to the possibility of danger to the officers if they secured the house without entering it.

In light of evidence falling within four of the five remaining factors referenced in McNairy, we conclude that exigent circumstances existed for a warrantless entry into appellant's home by the officers for the purpose of securing the home pending application for a search warrant. See Effler, 115 S.W.3d at 699.

Because both probable cause and exigent circumstances existed to support the officers' warrantless entry into appellant's home, we overrule appellant's sole issue and affirm the judgment of the trial court.


Phil Johnson
Chief Justice


Publish.