IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0250-05






CHRISTOPHER CHAD PARKER, Appellant



v.


THE STATE OF TEXAS






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE SEVENTH COURT OF APPEALS

BAILEY COUNTY





 Cochran, J., delivered the opinion of the Court, in which Keller, P.J., and Meyers,
Price, Johnson, Keasler and Hervey, JJ., joined. Womack and Holcomb, JJ., concurred
in the result. 


OPINION


 A jury convicted appellant of misdemeanor possession of marihuana. On appeal, he
relied on this Court's decision in State v. Steelman (1) to argue that the police lacked probable
cause to enter his home, and, thus, the trial court erred in failing to suppress the marihuana
found in plain view after that entry. The court of appeals affirmed the trial court's ruling. (2) 
We granted review to determine whether the police entered appellant's home without
probable cause to believe that any crime had been or was being committed. (3) We affirm.

I.

 The relevant facts are not disputed. Appellant offered no evidence at the pretrial
suppression hearing; he argued only that the undisputed facts did not establish that the police
had probable cause to enter his home. Therefore, we set out the pertinent facts in the light
most favorable to the trial court's ruling.

 On the night of April 2, 2001, Ms. Vangie Leal approached Deputy Ralph Sanchez
and Officer Rodney Stevens at a local convenience store and told them that alcohol was
being served to minors at a two-story house in the 1400 block of Avenue C in Muleshoe. 
Deputy Sanchez knew Ms. Leal, so the two officers immediately went to investigate her "tip"
at the only two-story house in that block. As they arrived, they noticed several cars parked
in front of the house, but no unusual activity occurring outside. As Officer Stevens knocked
on the door, Deputy Sanchez noticed someone parting the blinds. He heard a voice from
inside say, "It's the police," and saw a young man who looked like "one of the Reynolds
kids" (4) run up the stairs. When appellant opened the door, Officer Stevens could smell a
strong odor of burnt marihuana emanating from the home.

 Officer Stevens immediately recognized appellant from previous encounters. (5) He
asked Deputy Sanchez to contact his supervisor, and then told appellant that he was there to
investigate a report that "there was a juvenile party going on, kids drinking alcohol." He said
that he and Deputy Sanchez would have to come inside because he could smell burnt
marihuana. Appellant attempted to close the door, but Officer Stevens put his foot in the
door and again stated that he needed to secure the residence because of the smell of 
marihuana. Appellant then let the officers come inside. 

 The two policemen gathered everyone into the living room. Then Officer Stevens
went to find the person that Deputy Sanchez had seen running up the stairs. He also woke
up appellant's mother and asked her to join them in the living room. Approximately eight
minutes later, two police supervisors arrived.

 As a supervisor was asking appellant's mother for consent to search the home, Officer
Stevens noticed, for the first time, a marihuana cigarette butt and loose marihuana sitting in
plain view on top of a pizza box in the living room. Although appellant's mother consented
to a search of her home, the marihuana was found before she gave her consent.

 Appellant filed a pretrial motion to suppress the marihuana. After hearing the
evidence, the trial judge noted that, because the marihuana was in plain view once the
officers were inside, marihuana was not found during a search of appellant's home. Thus,
the only issue was whether the police had entered appellant's home legally. The trial judge
decided that they had. A jury convicted appellant, sentenced him to 180 days in jail and a
$1,000 fine, but recommended suspension of both the jail term and the fine.

 On appeal, appellant argued that "[w]hile the odor of marijuana, coupled with other
evidence, may give rise to probable cause, the odor of marijuana alone does not justify a
warrantless search of a residence." He now states that "[t]he case law in Texas regarding the
existence of probable cause and exigent circumstances sufficient to allow officers to make
a warrantless entry into a residence, based on the smell of contraband is, at first glance,
confusing." We granted review in the hope of dispelling any lingering confusion concerning
the existence of probable cause to cross the threshold of a home when officers smell the odor
of contraband emanating from that residence. (6) 

II.

 Appellant's confusion may stem from the fact that the standards for a warrantless
entry into a home differ from those for a warrantless arrest. (7) Each action requires the police
to jump over two distinct hurdles. In both situations the first hurdle involves the existence
of probable cause to believe that some offense has been or is being committed, but differs
depending on whether probable cause points to a person (arrest) or a location (search). (8) The
second hurdle differs depending on whether the officer is crossing the threshold of a home
without a warrant to investigate an offense, or he is making a warrantless arrest.

 Under Texas law, a police officer must have both probable cause with respect to the
person being arrested, plus statutory authority to make that arrest. (9) To establish probable
cause to arrest, the evidence must show that "'at that moment [of the arrest] the facts and
circumstances within the officer's knowledge and of which he had reasonably trustworthy
information were sufficient to warrant a prudent man in believing that the arrested person had
committed or was committing an offense'" (10) There is, of course, a significant difference
between the notion that there is probable cause to believe that someone has committed an
offense and probable cause to believe that this particular person has committed an offense. (11) 
Probable cause to arrest must point like a beacon toward the specific person being arrested. 
Second, the police officer who lacks a warrant to arrest must have statutory authority to make
such a warrantless arrest. (12)

 On the other hand, when the question is probable cause to cross the threshold of a
private residence, probable cause may point to the location, but not necessarily a specific
person. Again, the State must leap two hurdles. In Estrada v. State, (13) this Court recently
reiterated the well-established probable cause standard that applies to a warrantless entry or
search of a specific location: "'Probable cause to search exists when reasonably trustworthy
facts and circumstances within the knowledge of the officer on the scene would lead a man
of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime
will be found.'" (14) Probable cause that points like a beacon toward the location (but not
necessarily any particular person) is the first hurdle. (15) The second hurdle is that exigent
circumstances, those which justify an immediate need to enter a residence without first
obtaining a search warrant, must also exist. (16) If either probable cause or exigent
circumstances are not established, a warrantless entry will not pass muster under the Fourth
Amendment.

 Appellant relies on this Court's decision in State v. Steelman as support for his
argument that, as a matter of law, the odor of marihuana by itself is insufficient to establish
probable cause for an officer to enter a home without a warrant. (17) Appellant reads too much
into that case. In Steelman, police officers entered the defendant's home and arrested
everyone in the room after smelling the odor of marihuana when the defendant opened the
door. We concluded that the odor of marihuana emanating from a home cannot, by itself,
justify a reasonable belief that any particular individual present had committed or was
committing any particular offense. (18) In Steelman we noted that "'odors alone do not
authorize a search without a warrant.'" (19) But we did not, as appellant argues, find that the
odor of marihuana alone was insufficient to establish probable cause to believe that someone
had committed or was then committing the offense of possession of marihuana. (20) With
respect to a warrantless entry and arrest, Steelman simply reiterated what previously had been
well established: the odor of marihuana emanating from a residence, by itself, is insufficient
to establish both the probable cause and statutory authority required for a warrantless arrest
of a particular person inside. (21) 



 Even beyond the critical distinction between probable cause that points to a person
versus probable cause that points to a location, appellant's focus on the odor of marihuana
as the sole criminal conduct that the officers observed is too narrow. The odor of contraband
is certainly an important fact which may (or may not) be dispositive, given a specific context,
in assessing whether probable cause exists. But probable cause does not depend upon the
accumulation of only those facts which show overtly criminal conduct. Instead, probable
cause is the accumulation of facts which, when viewed in their totality, would lead a
reasonable police officer to conclude, with a fair probability, that a crime has been committed
or is being committed by someone.

 The court of appeals compared the facts of the present case to those found in Effler
v. State (22) and McNairy v. State. (23) In both of those cases, officers entered trailers after
smelling the byproducts of the methamphetamine production process and seeing or hearing
people running through or out of the trailer. In each case, the defendants were in the process
of producing methamphetamine when the police entered. The Effler court relied on our
ruling in McNairy to find that both probable cause and exigent circumstances existed, and
thus, a warrantless entry was permissible. (24) In the present case, the court of appeals applied
the definition of probable cause and exigent circumstances found in McNairy and found that
the sum of all information known to Officer Stevens at the time he entered appellant's home
was sufficient to establish probable cause and exigent circumstances. (25)

 Since the court of appeals's decision in this case, we have decided two cases which
shed more light on the process of determining whether an officer is justified in making a
warrantless entry into a home. (26) In Estrada, a case very similar to the present one, this Court
found that the odor of marihuana, coupled with other circumstances, was sufficient to justify
the warrantless entry into a residence to investigate. (27) There, an officer was notified of an
anonymous complaint of loud music and cars speeding up and down the road in front of the
defendant's house. When he went to investigate, the officer found ample evidence-including
the smell of marihuana coming from the home-that minors were drinking and smoking
marihuana inside the residence. (28) As in Steelman, we did not make a blanket statement that
the odor of marihuana alone either was or was not sufficient to establish probable cause to
enter a residence. Rather, we, like the lower courts, made a fact-based determination in
Estrada that the odor of marihuana was a factor that could be used to establish probable
cause. (29) Similarly, in Barocio, we distinguished Steelman and stated that "the deputies
entered the home based on more than just the odor of burnt marijuana. They also had
probable cause to suspect a possible, ongoing burglary and exigent circumstances allowed
them to enter the home without a warrant to investigate the situation further." (30)

 Thus, it is evident from the continuum of cases discussing probable cause, from
Steelman to Estrada, that the determination of whether an officer has probable cause and
exigent circumstances to enter a person's home without a warrant is a factual one based on
the sum of all the information known to the officer at the time of entry. Therefore, because
appellant does not contest the adequacy of the exigent circumstances, we examine all of the
evidence presented during the suppression hearing to determine whether Officer Stevens had
probable cause to believe that the instrumentality of a crime or evidence of a crime would
be found at the time he made his warrantless entry into appellant's home. 

III.

 Appellant argues that all evidence must be categorized as either supporting probable
cause or exigent circumstances, but not both. He then asserts that the only information that
the officers had which could establish probable cause to enter his home was that they smelled
burnt marihuana when he opened the door. Appellant is mistaken in concluding that all facts
must be placed into one category only-"probable cause" or "exigent circumstances." Just
as an officer, in the heat of the moment, will use all facts available to him in deciding
whether to enter a home without a warrant, so must a reviewing court analyze each piece of
evidence as part of the totality of information, as it relates to both the probable cause and the
exigent circumstances determinations. 

 With the forgoing principle in mind, we note that Officer Stevens testified to several
different facts that would lead a reasonable person to conclude that a crime likely had been
or was being committed inside appellant's home:


 A woman whom Deputy Sanchez knew had reported to them that minors were
consuming alcohol at a two-story house in the 1400 block of Avenue C;
appellant's house was the only two-story house on that street;

 When Officer Stevens knocked on the door, someone parted the blinds and
said, "It's the police"; 

 Someone who looked like a juvenile whom he and Deputy Sanchez both knew
then ran upstairs; 


 


 A strong odor of burnt marihuana came from inside the house when appellant
opened the front door;


 


 Officer Stevens knew appellant because of three previous encounters, one of
which had led to appellant's arrest.


 

 Thus, Officer Stevens's decision to enter appellant's home was not based on one fact,
but rather the sum total of his knowledge of appellant and the surrounding circumstances
existing at that time. This evidence showed that appellant, a person known to the officer, had
others present in his home. At least one of the others appeared to be a juvenile who was also
known to the officers, thus corroborating, in part, Ms. Leal's information about underage
drinking. He knew that someone in the house had recently been smoking marihuana, and
that, as soon as he knocked on the door, one of the minors ran up the stairs. This evidence,
viewed in the light most favorable to the trial court's ruling, is sufficient to establish probable
cause for a warrantless entry into appellant's residence to investigate further. Here, unlike
the situation in Steelman, the "tip" of ongoing criminal conduct was partially corroborated
before any entry and the officers did not immediately arrest everyone inside.

 Because the totality of information and facts presented in the suppression hearing was
sufficient to establish probable cause (and appellant does not dispute the existence of exigent
circumstances for a warrantless entry), the court of appeals did not err in upholding the trial
court's ruling. We therefore affirm the judgment of the court of appeals.


Delivered: April 12, 2006

Publish
1. 93 S.W.3d 102 (Tex. Crim. App. 2002).
2. Parker v. State, ___ S.W.3d ___, No. 07-02-00354-CR, 2005 Tex. App. LEXIS 225
(Tex. App.-Amarillo, 2005).
3. Appellant's specific ground for review was: "[w]hether, when the officers observed no
criminal activity, the smell of marijuana alone provided probable cause for a warrantless entry,
search and seizure inside the residence."
4. Both Officer Stevens and Deputy Sanchez knew "the Reynolds kids."
5. Officer Stevens testified that the first encounter had involved a "headlight," and the
second dealt with an investigation of a "broken vehicle window." Appellant was not arrested for
either of these incidents. The third incident involved appellant's arrest during the search of a
vehicle by a DPS trooper in which Officer Stevens assisted. 
6. Appellant explicitly confines his argument to the existence of probable cause; he does
not suggest that either the trial court or court of appeals erred in their "exigent circumstances"
analysis. He states, "The issue in this case is whether probable cause, not exigent circumstances,
existed to justify the warrantless entry into Appellant's residence." Brief on the Merits at 7.
7. For purposes of evaluating the need for probable cause, a warrantless entry into a
residence is considered equivalent to a warrantless search of a residence. McNairy v. State, 835
S.W.2d 101, 106 (Tex. Crim. App. 1991) (citing Katz v. United States, 389 U.S. 347 (1967)).
8. See McNairy, 835 S.W.2d at 106 (quoting definition of probable cause set out in
Brinegar v. United States, 338 U.S. 160, 176 (1948)).
9. Steelman, 93 S.W.3d at 107; see generally Tex. Code Crim. Proc. arts. 14.01-14.04
(listing situations under which a police officer may arrest a person without an arrest warrant). 
10. Steelman, 93 S.W.3d at 107 (quoting Beverly v. State, 792 S.W.2d 103, 105 (Tex. Crim.
App. 1990)).
11. For example, suppose Officer Obie walks up the aisle of the Astrodome and smells the
strong odor of burnt marihuana emanating from the stands. He would be reasonable in
concluding that someone in the stands has been smoking marihuana and that is a criminal
offense. But that does not mean that Officer Obie has probable cause to arrest everyone in the
Astrodome (or even all of those in that particular section) for possession of marihuana.
Conversely, if Officer Obie makes a traffic stop and, when the driver rolls down his window, the
redolent odor of burnt marihuana wafts out, he may well have probable cause to believe that the
person (or persons) inside that small, enclosed area has been or is committing the offense of
possession of marihuana. See, e.g. Moulden v. State, 576 S.W.2d 817, 818-20 (Tex. Crim. App.
1978) (police officers who stopped motorist and smelled odor of burnt marihuana coming from
inside car had probable cause to search car).
12. See Torres v. State, 182 S.W. 3d 899, __ (Tex. Crim. App. 2005) ("A police officer may
arrest an individual without a warrant only if probable cause exists with respect to the individual
in question and the arrest falls within one of the exceptions set out in Tex. Code Crim. Proc. art
14.01-14.04").
13. 154 S.W.3d 604 (Tex. Crim. App. 2005).
14. Id. at 609 (quoting McNairy, 835 S.W.2d at 106). 
15. See Steelman, 93 S.W.3d at 108-09 (quoting W. LaFave, Search & Seizure § 3.6(b)
(1996 & Supp. 2002) ("The detection of the odor of marijuana in a certain place will not
inevitably provide probable cause to arrest a person who is at that place")).
16. Id. at 608; see also McNairy, 835 S.W.2d at 107. In McNairy, this Court set out three
categories of exigent circumstances that justify a warrantless entry into a home. They are: "(1)
rendering aid or assistance to persons whom the officers reasonably believe are in need of
assistance; (2) preventing the destruction of evidence or contraband; and (3) protecting the
officers from persons whom they reasonably believe to be present and armed and dangerous." Id.
(citations omitted). In the present case, the exigent circumstance found by both the trial and the
appellate courts was preventing the destruction of evidence.
17. Steelman, 93 S.W.3d at 108.
18. Id. at 108-10.
19. Steelman, 93 S.W.3d at 108 (quoting Moulden v. State, 576 S.W.2d 817, 819 (Tex.
Crim. App. 1978)). 
20. See Steelman, 93 S.W.3d at 108 (noting that the officers "had probable cause to believe
that someone, somewhere, was or had been smoking marijuana").
21. See Tex. Code Crim. Proc. arts. 14.01-14.04. 

 Under Fourth Amendment jurisprudence, unlike Texas statutes, the two hurdles for a
warrantless arrest within a home are probable cause and exigent circumstances. Steagald v.
United States, 451 U.S. 204, 211 (1981). As appellant points out in his brief, the Supreme Court
first established this rule in Johnson v. United States, 333 U.S. 10 (1948). In Johnson, the
Supreme Court noted that the strong odor of burning opium emanating from a closed hotel room
might well establish probable cause to believe that someone behind the door was committing a
criminal offense, but "the arresting officer did not have probable cause to arrest petitioner until
he had entered her room and found her to be the sole occupant." Id. at 16. The problem in
Johnson was not the lack of probable cause, but the failure to obtain a search warrant because
there were no exigent circumstances. The Court explained,

 No reason is offered for not obtaining a search warrant except the inconvenience
to the officers and some slight delay necessary to prepare papers and present the
evidence to a magistrate. . . . No suspect was fleeing or likely to take flight. The
search was of permanent premises, not of a movable vehicle. No evidence or
contraband was threatened with removal or destruction, except perhaps the fumes
which we suppose in time would disappear. 

Id. at 15. Until the officers, who already had probable cause, knocked on her door, the defendant
was blissfully unaware of any police presence and was thus unlikely to flee or dispose of the
contraband during the time the officers obtained a search warrant. It is precisely from the
Johnson scenario that the rule that "police may not create their own exigency" to make a
warrantless arrest or search was born. See id at 16-17 (concluding that "the Government is
obliged to justify the arrest by the search and at the same time justify the search by the arrest. 
This will not do. An officer gaining access to private living quarters under color of his office and
of the law which he personifies must then have some valid basis in law for the intrusion."). 
Thus, exigent circumstances "do not meet Fourth Amendment standards if the government
deliberately creates them." United States v. Coles, 437 F.3d 361, 366 (3d Cir. 2006) (discussing
and following Johnson, collecting cases dealing with the question of whether police officers have
deliberately created their own exigency to justify a warrantless arrest inside a private home or
hotel room); compare United States v. Munoz-Guerra, 788 F.2d 295, 298 (5th Cir. 1986)
(officers, who had probable cause to obtain a search warrant, created their own exigency because
they knew that their "knock and talk" investigative strategy would require a warrantless entry)
with United States v. Jones, 239 F.3d 716, 720 (5th Cir. 2001) (officers who conducted "knock
and talk" to investigate complaints of criminal activity and identify inhabitants did not create
their own exigency when they saw firearm in plain view through open apartment door; police did
not observe any criminal activity before approaching apartment and did not know occupants were
armed until they were directly in front of open door). Under the Fourth Amendment, courts
"look to the reasonableness and propriety of the actions and investigative tactics of the police
which precede the exigency relied upon to justify warrantless entry." Coles, 437 F.3d at 368. 
"The presence of exigent circumstances is a finding of fact," which appellate courts review only
for clear error or abuse of discretion. Id. at 366.

 Appellant also relies upon Radford v. State, 56 S.W.3d 346 (Tex. App.-Eastland 2001,
pet. ref'd), for his argument that the odor of marihuana is never sufficient to establish probable
cause to think a crime is presently being committed within a residence. But Radford is like
Johnson and Steelman. As the court of appeals in Radford explicitly stated:

 The State also argues that the officers' smelling of burned marijuana provided
probable cause for the search warrant; however, that is not the issue. The issue is
whether the mere smell of burned marijuana provides justification for officers
barging into homes, arresting the homeowner, and then obtaining a search
warrant.

Id. at 350. In none of these three cases was probable cause the legal issue. The legal issue was
the validity of a warrantless entry and arrest based solely upon the smell of burnt contraband
emanating from someone's private residence or room.
22. 115 S.W.3d 696 (Tex. App.-Eastland 2003, pet. ref'd).
23. McNairy, 835 S.W.2d at 106.
24. Effler, 115 S.W.3d at 698-99 (citing McNairy, 835 S.W.2d at 101-07).
25. Parker, ___ S.W.3d at ___, 2005 Tex. App. LEXIS 225 at *8-9.
26. Barocio v. State, 158 S.W.3d 498 (Tex. Crim. App. 2005); Estrada v. State, 154 S.W.3d
604 (Tex. Crim. App. 2005).
27. Estrada, 154 S.W.3d at 609-10.
28. Id. That evidence included cups containing alcoholic beverages found outside the
home, the obvious noise of people moving around inside when the officer knocked on the door,
and the refusal to either answer the door or the telephone when the officer attempted to contact
the occupants. Id. at 605. Further, the officer received a dispatch that an anonymous caller had
allegedly heard shots from a nearby location. After investigating the call and finding no evidence
of any criminal activity, the officer suspected that someone inside the defendant's home had
made the call in an attempt to divert his attention. Id. at 606. As the officer returned to the
home, he stopped "two vehicles attempting to exit the driveway at a high rate of speed." Id. He
questioned the drivers, both of whom admitted that they had been drinking inside the defendant's
residence. Id. at 605-06. As the officer questioned the two teenagers, the defendant came out of
her house and walked toward the officer. She, like both the teenagers he had stopped, smelled of
alcohol and marihuana. The defendant returned to her house, and the officer followed. When
she opened her front door, the officer could smell marihuana inside. Id. at 606.
29. Id. at 609. We went on to find that exigent circumstances also existed, and that the trial
court did not abuse its discretion by finding the evidence seized during the warrantless entry
admissible. Id. at 609-10.
30. Barocio, 158 S.W.3d at 499.