**Ernest M. GUTIERREZ, Appellant,**

v.

**The STATE of Texas.**

**No. PD–1633–05.**

Court of Criminal Appeals of Texas.

April 25, 2007.

David V. Stith, Corpus Christi, for Appellant.

Cynthia A. Morales, Asst. District Attorney, Corpus Christi, Matthew Paul, State's Atty., austin, for State.

## OPINION

PRICE, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, KEASLER, HERVEY, HOLCOMB and COCHRAN joined.

We granted review in this case to examine whether the Thirteenth Court of

Appeals erred in deciding that a police officer's warrantless intrusion into the appellant's home was allowable under the theory of exigent circumstances and probable cause. We conclude the court of appeals did err in its analysis. However, we affirm the judgment of the court of appeals on grounds that the police entry and search was justified by the appellant's consent.

## THE FACTS AND PROCEDURAL POSTURE

On March 7, 2002, Detective Douglas Rush of the Corpus Christi Police Department was informed by a detective in Plano that a laptop computer had been stolen.[1] The Plano detective informed Rush that the computer was equipped with an anti-theft program which, when activated, would provide the address and phone number of the location where the computer was last used to access the internet. The Plano detective relayed to Rush that the computer had been used at 3129 Eisenhower in Corpus Christi the previous night.

On this information, Rush and Detective Felix Gonzalez proceeded to the Eisenhower address, which is the appellant's home. Prior to the detectives' arrival, the appellant was smoking marijuana inside his house. When the officers arrived at the address,[2] the appellant heard car doors close, saw the approaching officers out of his window, put out his marijuana cigarette and met the detectives on his porch, closing his front door behind him. Rush asked the appellant about the stolen computer. The appellant initially denied having the computer, but recanted and then admitted the computer was inside his house.[3] While the conversation between Rush and the appellant was taking place, Gonzalez smelled marijuana and observed that the appellant had bloodshot eyes and was very nervous.

The appellant told the officers he would go into the house and bring the computer out to the officers. Rush explained that he could not let the appellant go into the house alone, as a matter of officer safety and police policy. Rush filled out a consent to search form on the appellant's porch, and explained the form to the appellant.[4] The detective asked the appellant if he and Gonzalez could enter the home. The appellant agreed, opened his door, and reentered his home. Though the consent form was still unsigned, the detectives followed the appellant into his home.[5] After

1. We present the factual background in the light most favorable to the trial court's ruling.

2. Detectives Rush and Gonzalez were dressed in plain clothes, but their badges were displayed. The appellant noticed their badges and testified at the pretrial hearing that he was aware the two individuals were police officers.

3. The appellant claimed he purchased the laptop from a third party. He was not ultimately charged for any offense relating to the stolen computer.

4. The Consent to Search form authorized a complete search of the appellant's home.

5. The appellant described a vastly different version of the events that transpired after he admitted to possessing the computer. According to the appellant, he asked the detectives whether they would leave if he went inside and retrieved the computer. The detectives agreed. The appellant then entered his home and attempted to shut his front door to prevent marijuana smoke from escaping outside. As he tried to close his door, Rush stuck his foot into the doorway. Rush then forced open the door, and he and Gonzalez burst into the house. The appellant grabbed the computer, handed it over to Rush, and asked the detectives to leave. The detectives responded that they would not leave, and Rush stated that he needed the appellant to sign a Consent to Search form. The appellant did not think he needed to sign the consent

the appellant and the detectives entered the threshold of the house, the appellant signed the consent to search form.

Once inside, the appellant retrieved the computer and gave it to Rush. Both detectives noticed the odor of burnt marijuana and a marijuana cigarette in plain view on a table in the living room. The detectives continued a cursory visual search and found cash, a police scanner, and several plastic baggies. The detectives called for assistance from narcotics officers. Upon their arrival, the narcotics officers conducted a thorough warrantless search of the appellant's house. This search resulted in the discovery of cocaine, cash, a pistol and ammunition, digital scales, and other drug paraphernalia. Subsequently, the appellant gave two statements regarding his possession of marijuana, cocaine, and the computer.

The appellant was indicted for possession with the intent to deliver 400 grams or more of cocaine. He filed a pretrial motion to suppress the evidence, and the trial court held a hearing on the motion. At the hearing, the appellant argued that consent was not freely and voluntarily given and all evidence subsequently found in the appellant's home was the fruit of the poisonous tree. After listening to the testimony of several witnesses, including the appellant, the trial court denied the motion. At trial, the legality of the search,

specifically whether the appellant gave valid consent, was again litigated. The issue was submitted to the jury, and the jury ultimately convicted the appellant.

On appeal, the appellant alleged the consent obtained by the detectives, both prior to and after entry, was not voluntarily given. The State refuted the appellant's contention that consent was not voluntarily obtained, and further argued that, under a theory of probable cause and exigent circumstances, the warrantless entry into the appellant's home and the ensuing search did not violate the protections guaranteed by the Fourth Amendment. In a memorandum opinion, the court of appeals adopted the State's latter position, holding that, "[w]ithout determining appellant's arguments regarding the voluntariness of his consent, we conclude the police had ample probable cause and exigent circumstances to enter the home." [6] We granted the appellant's petition for discretionary review to examine the issue of whether the warrantless intrusion by the police into his home was justified by the existence of probable cause coupled with exigent circumstances.

## ANALYSIS

■ The Fourth Amendment grants individuals "the right ... to be secure in their persons, houses, papers, and effects,

---

form because he believed he fully cooperated by retrieving the computer.

Also, during this time, the appellant's wife and daughter emerged from the back of house into the living room where the appellant and the detectives were. Gonzalez told the appellant that he was going to call Child Protective Services (CPS) to come and pick up the appellant's daughter. The detectives threatened to seize his property, take his wife to jail, and take his daughter to CPS if he did not sign the consent form. The appellant agreed to sign the form if they would allow his mother-in-

law to come pick up his daughter and wife. The detectives allowed the daughter to leave with the appellant's mother-in-law, but his wife stayed. The appellant then signed the consent form. By this time the detectives had discovered a bag of marijuana and a bag of money, in addition to the plainly visible marijuana cigarette the appellant had smoked prior to the detectives' arrival.

6. *Gutierrez v. State*, No. 13–04–186–CR, 2005 Tex.App. LEXIS 6949, at *3, 2005 WL 2036245, at *1 (Tex.App.-Corpus Christi Aug. 25, 2005) (not designated for publication).

against unreasonable searches and seizures."[7] In determining the reasonableness of a search or seizure, the actions of police are judged by balancing the individual's privacy interest against the Government's interest in law enforcement.[8] The balancing test is utilized to ensure that an individual's Fourth Amendment rights are not subjected to "arbitrary invasions at the unfettered discretion of officers in the field."[9]

 There is a strong preference for searches to be administered pursuant to a warrant.[10] In fact, the search of a residence without a judicially authorized warrant is presumptively unreasonable.[11] However, this does not mean all searches must necessarily be conducted under the authority of a warrant. For example, if police have probable cause coupled with an exigent circumstance, or they have obtained voluntary consent, or they conduct a search incident to a lawful arrest, the Fourth Amendment will tolerate a warrantless search.[12] Yet, the warrant requirement is not lightly set aside, and the State shoulders the burden to prove that an exception to the warrant requirement applies.[13]

 To validate a warrantless search based on exigent circumstances, the State must satisfy a two-step process.[14] First, there must be probable cause to enter or search a specific location.[15] In the context of warrantless searches, probable cause exists "when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality ... or evidence of a crime will be found."[16] Second, an exigency that requires an immediate entry to a particular place without a warrant must exist.[17] We have identified three categories of exigent circumstances that justify a warrantless intrusion by police officers: 1) providing aid or assistance to persons whom law enforcement reasonably believes are in need of assistance; 2) protecting police officers from persons whom they reasonably believe to be present, armed, and dangerous; and 3) preventing the destruction of evidence or contraband.[18] If the State does not adequately establish both probable cause and exigent circumstances, then a warrantless entry will not withstand

7. U.S. Const. amend. IV.

8. *Schenekl v. State*, 30 S.W.3d 412, 413 (Tex. Crim.App.2000) (citing *Delaware v. Prouse*, 440 U.S. 648, 654, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979)).

9. *Schenekl*, 30 S.W.3d at 413.

10. *United States v. Ventresca*, 380 U.S. 102, 106, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Beeman v. State*, 86 S.W.3d 613, 615 (Tex. Crim.App.2002). *See also Illinois v. McArthur*, 531 U.S. 326, 338, 121 S.Ct. 946, 148 L.Ed.2d 838 (2001) (Souter, J., concurring) ("[A] search with a warrant has a stronger claim to justification on later, judicial review than a search without one.").

11. *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

12. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim.App.2003).

13. *United States v. Robinson*, 414 U.S. 218, 243 (1973); *see also McGee*, 105 S.W.3d at 615.

14. *Parker v. State*, 206 S.W.3d 593, 597 (Tex. Crim.App.2006).

15. *Id.*

16. *Estrada v. State*, 154 S.W.3d 604, 609 (Tex. Crim.App.2005).

17. *Parker*, 206 S.W.3d at 597.

18. *McNairy v. State*, 835 S.W.2d 101, 107 (Tex.Crim.App.1991).

judicial scrutiny.[19]

■ Here, the court of appeals found that probable cause and an exigent circumstance were both present when the police confronted the appellant on his porch. In finding sufficient probable cause, the court of appeals noted that the officers were aware that the appellant had possession of the stolen computer and marijuana, that he initially lied to them about his possession of the laptop, and that he had bloodshot eyes and was increasingly nervous.[20] The court of appeals then observed:

> Where police have evidence of mari[j]uana and stolen property in a home, we cannot conclude they are required to stand by and allow that person to enter the home alone.... A reasonable police officer could believe that appellant was attempting to destroy the mari[j]uana or the computer or both, or even flee from the officers or engage in some action that might threaten officer safety.[21]

We agree with this observation, insofar as it goes. Assuming the police indeed had probable cause, the exigency of the situation called for a measured police response to maintain the status quo. We disagree, however, that the exigency perceived by the court of appeals was such as reasonably to authorize a full-blown search of the appellant's home. The detectives' response of conducting a warrantless search of the entire home far exceeded the scope of the particular exigent circumstance they faced. When confronted with an urgency that requires immediate police action and does not allow for the procurement of a warrant, law enforcement is authorized to take reasonable steps to secure the status quo. But this exception to the warrant requirement does not grant police the unfettered discretion to take any course of action, however disproportionate it may be to the perceived exigency.[22]

■ Because we reject the court of appeals's reliance upon exigent circumstances, we must next address the issue of consent. An exception to the warrant requirement, consent is valid when it is voluntarily given.[23] The validity of a consensual search is a question of fact, and the State bears the burden to prove by clear and convincing evidence that consent was obtained voluntarily.[24] This burden includes proving that consent was not the result of duress or coercion.[25] To determine whether this burden is met, we ex-

---

19. *Parker,* 206 S.W.3d at 597.

20. *Gutierrez,* 2005 Tex.App. LEXIS 6949, at *4, 2005 WL 2036245, at *2.

21. *Id.* at 2005 Tex.App. LEXIS 6949, *5, 2005 WL 2036245 at *2.

22. *See Mincey v. Arizona,* 437 U.S. 385, 393–94, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (declaring "warrants are generally required to search a person's home or his person unless 'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment")

23. *Harrison v. State,* 205 S.W.3d 549, 552 (Tex.Crim.App.2006); *Reasor v. State,* 12 S.W.3d 813, 818 (Tex.Crim.App.2000); *Ohio v. Robinette,* 519 U.S. 33, 40, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996).

24. *See, e.g., Rayford v. State,* 125 S.W.3d 521, 528 (Tex.Crim.App.2003) (stating consent is a question of fact); *Robinette,* 519 U.S. at 40, 117 S.Ct. 417 (concluding that consent is a question of fact); *Harrison,* 205 S.W.3d at 552 (stating that clear and convincing evidence is the burden of proof for voluntariness of consent in Texas); *Reasor,* 12 S.W.3d at 818 (articulating the State's burden of proof).

25. *Carmouche v. State,* 10 S.W.3d 323, 331 (Tex.Crim.App.2000); *Allridge v. State,* 850 S.W.2d 471, 493 (Tex.Crim.App.1991); *Schneckloth v. Bustamonte,* 412 U.S. 218, 227–28, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1972).

amine the totality of the circumstances.[26]

In the case before us, the issue of consent was hotly contested at both the pretrial suppression hearing and the trial on the merits. The appellant and the State presented diametrically opposed versions of the search of the appellant's residence. When there is contradictory evidence and witness credibility is at issue, a longstanding standard of review guides our analysis.

■■■■■ In reviewing a trial court's ruling on a motion to suppress, we review the evidence in the light most favorable to the trial court's ruling.[27] When the trial court fails to make explicit findings of fact, we imply fact findings that support the trial court's ruling so long as the evidence supports these implied findings.[28] Generally, implied findings would be limited to the record produced at the suppression hearing.[29] However, when the parties subsequently re-litigate the suppression issue at the trial on the merits, we consider all evidence, from both the pre-trial hearing

and the trial, in our review of the trial court's determination.[30]

■■■■ Construed in the light most favorable to the trial court's ruling, the testimony shows that the appellant, after his initial lie, was cooperative with the detectives. On the porch, Rush explained to the appellant that he could not allow the appellant to reenter his home alone. Rush then filled out a consent form and explained the form to the appellant. It is true that the evidence indisputably establishes that the consent form was not signed until the detectives were already inside the appellant's home. But the detectives testified that they entered initially with oral consent from the appellant. Although the appellant disputed their account,[31] we presume that the trial court resolved this dispute against him.

The consent form that the appellant signed, if in fact voluntary, unquestionably authorized a complete search of the premises.[32] If the appellant's testimony is cred-

---

26. *Harrison,* 205 S.W.3d at 552; *Reasor,* 12 S.W.3d at 818; *Robinette,* 519 U.S. at 40, 117 S.Ct. 417.

27. *State v. Kelly,* 204 S.W.3d 808, 818 (Tex. Crim.App.2006); *State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App.2000); *Carmouche v. State,* 10 S.W.3d 323, 328 (Tex.Crim.App. 2000).

28. *Kelly,* 204 S.W.3d at 818–19; *Ross,* 32 S.W.3d at 855; *Carmouche,* 10 S.W.3d at 328. *But see State v. Cullen,* 195 S.W.3d 696, 698–700 (Tex.Crim.App.2006) (holding that when the losing side at a suppression hearing requests findings of fact and conclusions of law, the trial court is required to make such findings). The appellant did not request findings from the trial court.

29. *See Rachal v. State,* 917 S.W.2d 799, 809 (Tex.Crim.App.1996).

30. *Id.* ("Where the State raises the issue at trial either without objection or with subsequent participation in the inquiry by the defense, the defendant has made an election to

re-open the evidence, and consideration of the relevant trial testimony is appropriate in our review.")

31. *See* note 5, *ante.*

32. The text of the Consent to Search form reads:

I, *Ernest M. Gutierrez,* having been informed by the hereafter named Texas Peace Officer that I have a Constitutional right to be free from having him or any other officer make a warrantless search of the hereafter mentioned place under my control and a constitutional right to refuse to give him or any other officer consent to make a search of that kind and those rights are guaranteed by both the Texas and Federal Constitutions, do hereby authorize
[Detective Douglas Rush]
Texas Peace Officer
and any officers working with him to conduct a complete search of the following place located in Nueces County, Texas, namely:

ited, the appellant apparently signed the consent form only after the detectives threatened to take away his property and his family.[33] Implicit in the trial court's resolution of this issue, however, is that it found the detectives' account the more reliable. Crediting that account, we find that the evidence shows that the consent form was signed voluntarily. The appellant was cooperative, and aside from his initial lie to the detectives, he answered their questions willingly and courteously. The exchange was neither confrontational nor provocative. When asked, the appellant agreed to let the detectives enter his home. Discounting the appellant's own testimony, the evidence does not suggest his will was overborne at any point with threats. According to the detectives, his consent was free of the taint of duress or coercion, and he voluntarily, of his own free will, consented to the police entry and search. Reviewing the evidence, thus, in the light most favorable to the trial court's ruling, we hold that the State satisfied its burden of proving, by clear and convincing evidence, that the appellant's consent was obtained voluntarily.

## CONCLUSION

We hold that the actions of law enforcement in searching the appellant's home without a search warrant were not justified under the exigent circumstances exception to the Fourth Amendment. The police were not faced with an exigent circumstance that necessitated a full-blown search of the home. By responding dis-

proportionately to the scope of the exigent circumstances, the detectives needlessly tipped the delicate balance between government and individual in favor of the government.

However, the police officers' conduct is justified under another exception: consent. The appellant voluntarily consented to the police entry and search of his home. All evidence found inside the premises was lawfully obtained under this exception to the warrant requirement. Accordingly, we affirm the judgment of the court of appeals.

JOHNSON, J., concurred in the result.

WOMACK, J., filed a dissenting opinion.

WOMACK, J., filed a dissenting opinion.

The Court's actions in this case are difficult to understand.

Its opinion says, "Because we reject the court of appeals's reliance upon exigent circumstances, we must next address the issue of consent." *Ante*, at 686. The Court's understanding of the law differs from mine. While it is true that an appellate court that rejects one basis for admissibility of evidence must consider any other basis for admissibility, it is not true that *we* must address it.

To the contrary, I believe, it is clear that the Court of Appeals must address it. We sit as a court of review. The Court of Appeals did not consider the issue of consent, so there is no basis for us to review

*3129 Eisenhower*
*Corpus Christi*
*Nueces Co., TX*
and to seize and take from there any item of personal property they may believe to constitute evidence in a criminal proceeding. I have given this consent of my own free will and accord and without being subjected to any compulsion, threats, promises, or persuasion of any kind.

I know that any items of personal property seized by the above named officer or other officers with him and taken by them from such place can and will be used against me in a criminal proceeding.
(Italics represent handwritten portions on the consent form.)

33. *See* note 5, *ante.*

that issue. We should remand the case to the Court of Appeals for it to consider the issue of consent. This would be in accordance with the structure of our judicial branch, and it would respect the authority of the court below.

It would, of course, take more time. But if we were concerned primarily with the quick disposition of this case, we should never have granted review, since the Court of Appeals' unpublished opinion had no precedential authority for other cases, and its judgment for this case was correct. This presents the only other correct course of action: dismissal of the petition as improvidently granted.

I respectfully dissent from the Court's choice to do neither of the two things it could properly do.