

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00217-CR

Dario **CORRAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Frio County, Texas
Trial Court No. 10-07-00078-CRF
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  May 29, 2013

AFFIRMED

Dario Corral appeals his second-degree felony conviction for possession of one to four grams of cocaine with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2010). After he was convicted, the jury assessed punishment and the trial court sentenced him to serve fifteen years in prison and to pay a $10,000 fine. He appeals the trial court's denial of his pretrial motion to suppress, alleging that he did not voluntarily consent to a search of his property. He also contends he received ineffective assistance of counsel because his attorney did not request a jury charge under article 38.23 of the Code of Criminal Procedure, instructing the

jury to disregard the evidence from the search if it found Corral's consent was involuntarily given. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). We affirm.

## FACTUAL BACKGROUND

In March 2010, Officer Hector Garza of the Pearsall Police Department investigated a domestic disturbance between two tenants at a trailer park owned by Dario Corral. Officer Garza left after a brief investigation, but he was soon called back to the trailer park because one of the feuding tenants called and accused Corral and the other tenant of concealing drugs on the premises. Officer Garza accompanied Lieutenant Pedro Salinas for the return investigation.

The officers questioned Corral in Spanish. Officer Garza and Lieutenant Salinas both testified Corral told Officer Garza they could search his property. Lieutenant Salinas nevertheless had Officer Garza retrieve a written consent form from the nearby police station. Officer Garza returned and translated the contents of the English-language form to Corral. Corral declined to the sign the statement because he could not read English. By this time, Police Chief Henry Martinez and Captain Ray Trevino had arrived at the scene, and Garza took Corral to them and again asked in Spanish if the police could search his premises. At the pretrial hearing, Chief Martinez and Captain Trevino both testified that Corral verbally gave his consent. The officers' search resulted in the seizure of cocaine.

At the pretrial hearing, Corral contradicted the officers' version of the events leading up to the search and testified his consent was involuntarily given. Corral testified he initially told Officer Garza that he would not consent to a search. According to Corral, Officer Garza told him that he was leaving and would return with a search warrant. And once Officer Garza returned, Corral testified the officers represented to him the consent-to-search form was actually a search warrant for his premises. The trial court denied his motion to suppress.

**VOLUNTARY CONSENT**

A search conducted pursuant to a defendant's voluntary, uncoerced consent is an exception to the Fourth Amendment's general prohibition on warrantless searches. *Meekins v. State*, 340 S.W.3d 454, 458 (Tex. Crim. App. 2011); *Tucker v. State*, 369 S.W.3d 179, 185 (Tex. Crim. App. 2012). The validity of a consensual search is a question of fact, and the State bears the burden to prove by clear and convincing evidence that consent was obtained voluntarily. *Gutierrez v. State*, 221 S.W.3d 680, 686 (Tex. Crim. App. 2007). If the defendant's consent was given in submission to an officer's claim of lawful authority, such as a search warrant, the consent was involuntary and invalid to authorize a search. *Doescher v. State*, 578 S.W.2d 385, 389–90 (Tex. Crim. App. [Panel Op.] 1978).

"The validity of a [defendant's] consent to search is a question of fact to be determined from all the circumstances." *Meekins*, 340 S.W.3d at 458. "In determining whether a defendant's will was overborne in a particular case, the trial court must assess the totality of the circumstances from the point of view of an objectively reasonable person, including words, actions, or circumstantial evidence." *Tucker*, 369 S.W.3d at 185.

*Standard of Review*

"[A] trial court's finding of voluntariness must be accepted on appeal unless it is clearly erroneous." *Meekins*, 340 S.W.3d at 460. "'[T]he party that prevailed in the trial court is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence.'" *Id.* (quoting *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008)). Thus, we "'afford almost total deference to the trial court's determination of the historical facts that the record supports, especially when its factfinding is based on an evaluation of credibility and demeanor.'" *Montanez v. State*, 195 S.W.3d 101, 106 (Tex. Crim. App. 2006) (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). A trial

court's application of the law to the facts is afforded the same deference when the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id*.

*Analysis*

We have the benefit of the trial court's explicit findings of fact. The trial court found that the officers did not represent they had a search warrant to Corral, that Corral understood both of Officer Garza's requests in Spanish for his consent to search, that both of Officer Garza's requests to search received Corral's consent, that the scope of Corral's consent included the entire premises, and ultimately that Corral's consent was free, intelligent, knowing, voluntary, and never revoked. The trial court accordingly denied Corral's motion to suppress.

Corral's brief does nothing more than reargue his position at the pretrial suppression hearing. He alleges the same facts on appeal as he did below—facts that are contrary to the trial court's explicit and well-supported factual findings—without making any attempt to show how the trial court's factual findings lack support in the record. The trial court was within its authority to credit the officers and disbelieve Corral, and we are not authorized to second-guess its findings. We overrule Corral's first point of error.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court's test for ineffective assistance of counsel requires Corral to show his attorney's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). If his attorney's performance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error, then Corral received constitutionally effective assistance. *Strickland*, 466 U.S. at 688–89. To avoid the deleterious effects of hindsight, we indulge the strong presumption that his attorney's performance fell within the wide range of reasonable professional assistance. *Thompson*, 9

S.W.3d at 813. If Corral were to prove his attorney performed deficiently, we would then examine if he was prejudiced by his attorney's deficient performance. *Id*. All allegations of ineffectiveness must be firmly grounded in the record. *Id*.

*Analysis*

Corral claims his attorney was ineffective because he did not ask for the jury to be instructed to evaluate the voluntariness of his consent to search. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). If evidence is presented at trial and there is a question of whether that evidence was legally obtained, the jury must be instructed to disregard that evidence if it believes, or has a reasonable doubt, the evidence was illegally obtained. *Id.*; *Infante v. State*, No. 04-12-00041-CR, 2013 WL 441526, at *4 (Tex. App.—San Antonio Feb. 6, 2013, no pet.). The defendant is entitled to a jury instruction under this article if:

1.   the evidence heard by the jury raises an issue of fact;

2.   the evidence on that fact is affirmatively contested; and

3.   the contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence.

*Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *Infante*, 2013 WL 441526, at *4.

Corral does not pass the first or second prongs of the test. The only evidence the jury heard about Corral's consent to search was from Officer Garza, Lieutenant Salinas, and Captain Trevino, and their trial testimony was consistent with their testimony at the pretrial hearing. Corral did not testify during the guilt/innocence part of the trial. Therefore, the jury never heard any evidence suggesting the officers told Corral they had a search warrant to obtain his consent to search. Corral's attorney did argue, both in his opening and closing arguments, that the jury should disbelieve the officers and that the evidence showed Corral did not consent—but jury arguments are not evidence. *Hutch v. State*, 922 S.W.2d 166, 173 (Tex. Crim. App. 1996).

Corral manifestly did not qualify for a jury instruction under article 38.23 of the Code of Criminal Procedure. His counsel cannot be found ineffective for not requesting a jury charge to which Corral was not entitled. We overrule Corral's second point of error.

## CONCLUSION

We affirm the judgment of the trial court.

Luz Elena D. Chapa, Justice

Do Not Publish