**Xavier Hernandez BAROCIO,
Appellant,**

v.

**The STATE of Texas.**

No. PD–1980–03.

Court of Criminal Appeals of Texas.

March 9, 2005.

Norman J. Silverman, Houston, for Appellant.

Eric Kugler, Assist. DA, Houston, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, PJ., MEYERS, WOMACK, KEASLER and COCHRAN, JJ., joined.

After the trial court denied his motion to suppress, appellant pled no contest to misdemeanor possession of marijuana. We address whether probable cause and exigent circumstances existed to justify a warrantless police entry into appellant's home, during which the police saw the marijuana in plain view.

The evidence from the suppression hearing shows that two sheriff's deputies (Wyatt and Kirsch) had probable cause to suspect a possible, ongoing burglary of appellant's home. *See Barocio v. State,* 117 S.W.3d 19, 21–22 (Tex.App.-Houston [14th Dist] 2003) and at 32–34 (Guzman, J., dissenting). While on patrol, these deputies noticed an illegally parked car, with its driver's door open and the keys in the ignition, in front of a home. *See id.* When they approached the home to investigate, they saw pry marks on the front door lock and a surveillance camera aimed at the front door. *See id.* The deputies knocked on the front door. *See id.* While waiting for someone to answer the door, they heard a lot of noise inside the home, and they smelled burnt marijuana. *See id.* Kirsch testified that, in his experience, it would not be unusual for burglars to smoke marijuana in a home that they were burglarizing. *See id.* Several minutes later, appellant opened the door, and the odor of burnt marijuana became stronger.

*See id.* The deputies repeatedly requested appellant's identification. *See id.*

At this point, the testimony of the deputies conflicted. *See id.* Wyatt testified that appellant refused to provide identification and that he detained appellant on the porch while Kirsch entered the home to conduct a "protective sweep" and to investigate "the smell of marijuana." *See id.* Kirsch testified that appellant eventually indicated that his identification was inside the home. *See id.* Kirsch told appellant to get his identification. *See id.* Kirsch and Wyatt followed appellant when he went inside the home. *See id.* Kirsch testified that he followed appellant to investigate the marijuana odor and the possible burglary. *See id.* Once inside the home, the deputies saw the marijuana in plain view. *See id.* They eventually learned that the home belonged to appellant and that appellant was not a burglar when appellant's wife arrived and identified appellant.

The Court of Appeals accepted the deputies' testimony that they entered the home to investigate the odor of burnt marijuana and a possible burglary. *See Barocio,* 117 S.W.3d at 23 ("decision in this case does not turn on the credibility or demeanor of the witnesses because the [deputies'] testimony, even if entirely believed, is insufficient to justify the warrantless entry into appellant's home"). The Court of Appeals also accepted that the deputies had probable cause to believe that appellant was burglarizing the home when they detained appellant on the porch. *See Barocio,* 117 S.W.3d at 24–25.

Relying on this Court's decision in *State v. Steelman,* 93 S.W.3d 102 (Tex.Cr.App. 2002), the Court of Appeals decided that the odor of burnt marijuana alone did not justify the warrantless entry into the home. *See Barocio,* 117 S.W.3d at 24 ("odor of marijuana, standing alone, does not authorize a warrantless search and seizure in a home") *quoting Steelman,* 93 S.W.3d at 108. The Court of Appeals also decided that, while police can enter a home to investigate a burglary in progress, they may not do so "*after* detaining the sole suspect." *See id.* (emphasis in original). We exercised our discretionary authority to review this decision. The three grounds upon which we granted discretionary review state:

1) The published one-judge plurality opinion below failed to view the evidence in the light most favorable to the trial court's ruling on the motion to suppress and incorrectly reviewed the trial court's ruling under a *de novo* standard when there were many witnesses who gave conflicting or inconsistent testimony that could have been the basis for the trial court's ruling.

2) The published one-judge plurality opinion below incorrectly applied *State v. Steelman* (citation omitted), in reversing the trial court's denial of a motion to suppress where evidence at the suppression hearing showed that the officers reasonably believed that they were investigating a burglary and that other suspects might be inside the residence.

3) The published one-judge plurality opinion below incorrectly held that the State had waived the issue of attenuation by allegedly failing to argue that issue during the suppression hearing when the trial court ruled in favor of the State at that hearing.

We initially note that this case is distinguishable from *Steelman* because, unlike in *Steelman,* the deputies entered the home based on more than just the odor of burnt marijuana. They also had probable cause to suspect a possible, ongoing burglary and exigent circumstances allowed them to enter the home without a warrant to investigate the situation further. And,

we do not agree with the decision of the Court of Appeals that police may not enter a home to investigate a possible burglary after detaining what ultimately turns out to be the sole suspect in the burglary. *See Barocio,* 117 S.W.3d at 24–25. We agree with the analysis of the dissenting opinion in the Court of Appeals:

Kirsch testified that he was investigating a possible burglary of appellant's home when he made the warrantless entry. The possibility that a burglary is in progress or has recently been committed may provide officers with exigent circumstances to justify a warrantless entry. (Citations and footnote omitted). Because suspects or victims may still be in the residence, and because there is an immediate and urgent need to protect the resident and his property, the warrantless police entry may be justified as exigent depending upon the specific circumstances of the case. For example, police may properly enter to look for other perpetrators or victims. Indeed, as one federal court has observed, it would "defy reason" to force officers to leave the scene of a possible burglary-in-progress to obtain a warrant thereby "leaving the putative burglars free to complete their crime unmolested." (citation omitted).

*See Barocio,* 117 S.W.3d at 33 (Guzman, J., dissenting). This opinion is also consistent with our recent decision in *Estrada v. State,* 154 S.W.3d 604, 608–10 (Tex.Cr. App.2005) (police had probable cause to believe that criminal activity was occurring inside the defendant's home based on, among other things, the odor of marijuana emanating from the home, from the defendant and from her friends, and exigent circumstances, the need to prevent the de-

struction of evidence because others were present in the home, justified warrantless entry and search of home).

We sustain the State's second ground which makes it unnecessary to address the first and third grounds, which we dismiss. The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

PRICE, J., filed an opinion concurring in the judgment, in which JOHNSON and HOLCOMB, JJ., joined.

PRICE, J., filed an opinion concurring in the judgment, in which JOHNSON and HOLCOMB, JJ., joined.

I agree with the majority that the trial court did not err denying the appellant's motion to suppress. I write separately to explain my reasons.

The appellant filed a motion to suppress statements and tangible evidence obtained by a warrant that he claims was obtained in violation of the United States and Texas Constitutions. Specifically, the appellant claimed that sheriff's deputies entered his home without a warrant and then applied for a warrant based on information obtained while they were illegally in his home.

The trial court held a hearing on the motion. There were many discrepancies in the testimony given by Deputies Wyatt, Kirsch, and Monfort.[1]

The evidence admitted during the hearing on the motion to suppress showed that Wyatt found a car parked in front of the appellant's trailer. It was parked partially in the roadway and heading in the wrong direction. The driver's door was wide open, and upon stopping, Wyatt discovered

---

1. In the record, the name is spelled Monford. The name and signature on the affidavit sup-

porting the search warrant is spelled Monfort.

that the keys to the car were in the ignition. He called for back up.

Kirsch responded to Wyatt's call for back up, and the two deputies went to knock on the appellant's door to find out about the car. The deputies noticed that there were pry marks on the front door. Wyatt testified that, at this point, he could smell marihuana and heard a lot of noise in the trailer. Kirsch testified that he did not hear noises and that he smelled no marijuana at that point. They both saw surveillance cameras pointing at the front porch and the street in front of the trailer.

The deputies knocked on the door and waited two to five minutes before the appellant came to the door. When the door was opened, Kirsch smelled a strong odor of marihuana for the first time and Wyatt said that he smelled it stronger than before. One of the deputies questioned the appellant about the car. The appellant told them that it was his. The deputies also asked the appellant for identification. The appellant was uncooperative and appeared to be nervous.

Wyatt testified that he detained the appellant on the porch and that Kirsch went inside to see if anyone else was in the trailer. While Kirsch was inside, he saw some marihuana lying loose on the kitchen counter near a plastic bag. Wyatt testified that he never entered the trailer until the search warrant had been obtained and that he never told anyone that he had. He talked to Monfort to obtain a search warrant.

Kirsch testified that he and Wyatt directed the appellant to go inside to get his identification and that Wyatt followed the appellant and Kirsch followed Wyatt. When they were in what was called the foyer of the trailer, Kirsch said that he saw marihuana on the kitchen counter. The appellant was taken outside to the patrol car, and Kirsch performed a protective sweep to see if anyone else was in the trailer.

Monfort, who was not at the trailer, obtained the search warrant. He said that Wyatt told him that he had seen the marihuana while standing outside the trailer on the porch. This along with the other information about the incident appeared in the affidavit supporting the warrant.

The trial court denied the motion to suppress. It concluded that the smell of marihuana provided exigent circumstances to allow the deputies to enter the home. The trial court did not have the benefit of our opinion in *State v. Steelman*,[2] when it made its ruling. Even so, if the trial court's decision is correct on any theory of law applicable to the case, the decision will be sustained.[3]

The Court of Appeals concluded that, under our holding in *Steelman*, the facts did not give rise to exigent circumstances in this case.[4] It also held that exigent circumstances did not exist regarding a possible burglary because the deputies had the sole suspect in custody.[5]

Under the Fourth and Fourteenth Amendments, a search or seizure conducted in the home without a warrant issued

---

2.  *State v. Steelman*, 93 S.W.3d 102, 108 (Tex. Crim.App.2002) (holding that the smell of burning marihuana alone does not authorize the warrantless search and seizure in a home).

3.  *State v. Ross*, 32 S.W.3d 853, 855–856 (Tex. Crim.App.2000).

4.  *Barocio v. State*, 117 S.W.3d 19, 24 (Tex. App.-Houston [14th Dist.] 2003).

5.  *Ibid.*

upon probable cause is presumptively unreasonable.[6] When exigent circumstances exist, however, the warrantless search of a home is authorized.[7] Exigent circumstances are found when there is some danger to the officer or victims, an increased likelihood of apprehending a suspect, or the possible destruction of evidence.[8]

The appellant conceded during the hearing on the motion for new trial that the deputies had probable cause to obtain a warrant to search the appellant's trailer because of the smell of marihuana. The only question is whether exigent circumstances existed to permit the deputies to enter before they obtained the warrant.

The record shows that a car in the street was left open with the keys in the ignition. Wyatt and Kirsch found pry marks on the front door of the trailer where the car was parked. Wyatt heard a lot of noise while he was standing on the front porch. The appellant took a long time to come to the door after the deputies knocked. When he came to the door, he was uncooperative and appeared to be nervous. The appellant either was unable to or refused to produce his identification showing that he owned the car and was an occupant of the trailer. These facts gave rise to probable cause to believe that a burglary had taken place or was still going on. A reasonable police officer with knowledge of these facts could have concluded that other perpetrators or potential victims were inside the trailer. These facts support the conclusion that exigent circumstances existed for the deputies to search the house for potential suspects or victims.

I want to make clear that the smell of marihuana and the surveillance cameras were not particularly relevant to the finding of exigent circumstances because of a potential burglary. But I do agree that these facts supported probable cause for a search warrant on the basis that there were drugs inside the trailer.

With these comments, I concur in the Court's judgment.

---

6. *McNairy v. State,* 835 S.W.2d 101, 106 (Tex. Crim.App.1991).

