NUMBER 13-04-186-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

ERNEST M. GUTIERREZ,                                            Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 105th District Court

                           of Nueces County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION[1]

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Ernest
M. Gutierrez, was charged with the offense of possession of cocaine (400 grams
or more) with intent to deliver.  See
Tex. Health & Safety Code Ann.
' 481.112(a), (f) (Vernon 2003).  The trial court denied appellant's motion to
suppress evidence obtained as a result of a search of appellant's home.  A jury found appellant guilty.  Accepting the jury's assessment of punishment,
the trial court sentenced appellant to twenty years in the Institutional
Division of the Texas Department of Corrections and assessed a $20,000.00
fine.  The trial court has certified that
this case "is not a plea bargain case, and the Defendant has the right of
appeal."  See Tex. R. App. P. 25.2(a)(2)(A).  By two points of error, appellant contends
the trial court abused its discretion in denying his motion to suppress and in
refusing to admit Detective Felix Gonzalez's report into evidence.  We affirm.

I.  Denial of Motion to Suppress

By his first point of error, appellant contends that the consent
obtained by the police was not voluntary because of coercion and threats by the
police.  Appellant also asserts that the
consent to search form obtained by police officers after entry of the residence
was not properly executed and should have been suppressed.

A.  Standard of Review








The appropriate standard for reviewing most trial court rulings on a
motion to suppress is a bifurcated standard of review, giving almost total
deference to the trial court's determination of historical facts and reviewing
de novo the court's application of the law. 
Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002) (en
banc); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en
banc); Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000);
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en
banc).  When reviewing a trial court's
ruling on a mixed question of law and fact (such as the issue of probable
cause), the amount of deference afforded to a trial court's ruling "often
is determined by which judicial actor is in a better position to decide the
issue."  Guzman, 955 S.W.2d
at 87.  We review de novo the application
of the law to facts in this case, but we also afford almost total deference to
the trial court's evaluation of the credibility and demeanor of the witnesses
who testified at the pre‑trial hearing. 
See id.  When there are no
explicit findings of historical fact, the evidence must be viewed in the light
most favorable to the trial court's ruling, and we must assume the trial court
made implicit findings of fact that support its ruling as long as those
findings are supported by the record.  Carmouche,
10 S.W.3d at 327-28.  "The trial
court's ruling must be upheld if it is correct under any theory of law
applicable to the case."  Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005) (citing Romero v.
State, 800 S.W.2d 539, 543‑44 (Tex. Crim. App. 1990) (en banc)).

B.  Analysis








Without determining appellant's arguments regarding the voluntariness
of his consent, we conclude the police had ample probable cause and exigent
circumstances to enter the home.  See
McNairy v. State, 835 S.W.2d 101, 107 (Tex. Crim. App. 1991) (en banc)
(holding probable cause, combined with some sort of exigent circumstances, will
support a warrantless search).  The court
of criminal appeals has set out the following probable cause standard for
searches:  "Probable cause to search
exists when reasonably trustworthy facts and circumstances within the knowledge
of the officer on the scene would lead a man of reasonable prudence to believe
that the instrumentality of a crime or evidence of a crime will be found."  Estrada, 154 S.W.3d at 608-09 (quoting
McNairy, 825 S.W.2d at 101). 
"The Supreme Court has further defined the probable-cause standard
as the sum total of layers of information, and not merely individual layers and
considerations, that a reasonable and prudent man acts upon."  Id. at 609 (citing Brinegar v.
United States, 338 U.S. 160, 176 (1948)).








In this case, the record reflects that appellant was in immediate
possession of both a stolen computer and marihuana; that the police learned
about both possessions while on the porchBthe computer after
appellant admitted it was in the home and the marihuana from the odor of
marihuana which came out of the door coupled with appellant's physical
characteristics such as red, bloodshot eyes, increasing nervousness, a shaky
voice and erratic breathing; that appellant initially lied to the police about
his possession of the stolen computer; and that he was attempting to hide his
possession of the marihuana from the police. 
The totality of these facts and circumstances would lead a person of
reasonable prudence to believe that "the instrumentality of a crime or
evidence of a crime will be found." 
See Estrada, 154 S.W.3d at 609; see also Barocio v. State,
158 S.W.3d 498, 449-500 (Tex. Crim. App. 2005) (holding police "had
probable cause to suspect a possible, ongoing burglary and exigent
circumstances allowed them to enter the home without a warrant to investigate
the situation further" and also citing with approval the court of appeals'
dissent that opined it would "defy reason" to leave the scene of a
possible crime in progress to seek a warrant, leaving the putative criminals
free to complete their crime).  The facts
are also sufficient in this case to demonstrate that the police had reason not
to trust appellant and also to believe that appellant might attempt to destroy
evidence.  See Estrada, 154 S.W.3d
at 609.  Where police have evidence of
marihuana and stolen property in a home, we cannot conclude they are required
to stand by and allow that person to enter the home alone trusting that he will
bring the incriminating evidence to them. 
Moreover, as the State argues, even if appellant had attempted to go
back into the house as he claimed and tried to shut the door behind him and
keep the police out, such a fact would militate against him as it would be an
indicator that he wanted to be alone with the contraband and stolen
computer.  A reasonable police officer
could believe that appellant was attempting to destroy the marihuana or the
computer or both, or even flee from the officers or engage in some action that
might threaten officer safety.  See id.








Therefore, viewing the evidence in the light most favorable to the
trial court's ruling and assuming that the trial court made implicit findings
of fact supported by the record that support its ruling, see Carmouche,
10 S.W.3d at 327-28, we conclude the trial court's ruling is justified under a
finding of probable cause and exigent circumstances.  See Estrada, 154 S.W.3d at 607
(setting out that if the trial court's decision is correct under any applicable
theory of law, the decision should be sustained).  By upholding the trial court's denial of
appellant's motion to suppress on this basis, see id., we need not reach
appellant's contentions regarding consent. 
Appellant's first point of error is overruled.

II.  Admission of Evidence at
Suppression Hearing and Trial

In his second point of error, appellant contends that the trial court
erred in not allowing the report of Detective Gonzalez to be entered into
evidence at trial.[2]  He argues that the report should have been
admitted to highlight the alleged inconsistencies between Detective Douglas
Rush's courtroom testimony and Detective Gonzalez's contemporaneous report.[3]  Appellant claims that the harm in excluding
the report was that the jury "did not get to see in writing" a
different account of the events and was prevented from accurately determining
the facts regarding the consent and search. 
Appellant asserts that the report was necessary for the jury to use in
deciding the credibility of the witnesses and the weight to be given to their
testimony.








However, at trial, Detectives Rush and Gonzalez were cross-examined
about the report.  They answered
questions related to Detective Gonzalez's report, read directly from it, and
compared it with Detective Rush's report. 
Detective Gonzalez testified as to what his report said and admitted
inconsistencies.  We conclude error, if
any, in the trial court's exclusion of Detective Gonzalez's report did not
affect appellant's substantial rights and was, therefore, harmless.  See Tex.
R. App. P. 44.2(b); see also Head v. State, 4 S.W.3d 258, 262
(Tex. Crim. App. 1999) (en banc) (providing that the standard of review for the
admission and exclusion of evidence is abuse of discretion).  Appellant's second point of error is
overruled.

III.  Conclusion

We affirm the judgment of the trial court.

 

NELDA
V. RODRIGUEZ

Justice

 

Do
not publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 25th day of
August, 2005.

 











[1]All issues of law presented by this
case are well settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts in this memorandum opinion, except as necessary to advise the parties of
the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.





[2]Appellant also contends that the
trial court erred in refusing to admit the police report at the suppression
hearing.  However, appellant makes no
argument regarding how the exclusion of the report at the hearing before the
judge was inappropriate or caused him harm. 
Therefore, this argument has been waived.  See Tex.
R. App. P. 38.1(h).





[3]Detectives Rush and Gonzalez went
to appellant's house after receiving information that a stolen computer was
being used at appellant's address. 
According to the information provided by a detective in Plano, a program
on the computer was providing information on the address and phone number of
the person using the computer.  Both
detectives completed written reports regarding the incident, and both testified
at trial.