Affirmed and Opinion filed June 29, 2006








Affirmed and Opinion filed June 29, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00905

____________

 

DANNY R. ALEJANDRO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
Criminal District Court

Harris County, Texas

Trial Court Cause No. 1003546

 



 

O P I N I O N

Appellant Danny R. Alejandro appeals after a jury convicted
him of burglary of a habitation and the trial judge sentenced him to fifty
years= incarceration.[1] 
In two points of error,  appellant contends that the trial judge erred in
denying his motion to suppress the gun, ammunition, and pills found in his
truck.  We affirm.








Background

In the early morning hours of October 11, 2004, deputies
with the Harris County Sheriff=s Department investigated a weapons
disturbance at the home of Nora Alejandro, appellant=s sister-in-law. 
Nora=s daughter,
Juanita Harris, who was appellant=s girlfriend, also
lived at the house.  She had argued with appellant earlier that evening.

At about 2:30 a.m., Juanita awakened Nora because she had
heard banging and yelling.  When Nora went outside to investigate, she encountered
appellant in the backyard.  Nora stated that appellant put a gun to her chest
and demanded to know where Juanita was.  Although Juanita was hiding in the
bathroom, Nora denied that she was at home and turned to go back inside.  She
did not invite appellant to come inside.  Still pointing the gun at her,
appellant followed Nora into the house and repeatedly inquired as to Juanita=s whereabouts. 
When Nora insisted that she did not know where her daughter was, appellant
threatened to kill both Nora and Juanita.  He then asked: ADo you think I=m playing?@ and fired a
bullet into the kitchen floor near Nora=s feet.  Juanita
testified that she heard appellant shouting at her mother and called 9-1-1. 
She called 9-1-1 again after hearing the gunshot.

Deputy Leon W. Carroll, Sr. was one of the first deputies
to arrive at the scene.  Carroll testified that he saw a pick-up truck pulling
out of the driveway; appellant was driving, and he had a passenger in the front
seat.  Carroll ordered the men to exit the truck at gunpoint because he had
been advised that the suspect was armed.  Carroll testified that once the men
were handcuffed and seated in patrol cars, he entered the house.  Carroll
observed a Acrater-like impact site@ on the kitchen
floor, indicating that a bullet had struck it.  He also interviewed Nora and
Juanita about the incident.








At the suppression hearing, Carroll testified that speaking
with Nora and Juanita had confirmed his suspicion that a weapon had been used
in the offense.  Carroll stated that after the interviews, he returned outside
and peered through the window of appellant=s truck.  In an
open console in the front seat area, Carroll saw a pistol that matched Nora=s description of
appellant=s gun.  Although appellant did not give consent to
search the truck, Carroll seized the weapon.  Carroll stated that he did not
know if other deputies had searched the truck while he had been inside the
house, and he did not notice whether the console had been open before he
entered the house.  After appellant was arrested, deputies performed a full
search of the car and discovered pills and a magazine containing live rounds.

Appellant testified that he had neither stashed a gun
inside his truck nor opened the console.  He stated that several deputies had
immediately Aswarmed@ the truck, searched
it while Carroll was inside the house, and left the console open.

The judge denied appellant=s motion to
suppress, finding that Carroll=s testimony was credible.  The judge also
stated that notwithstanding the other deputies= actions, Carroll Ahad an independent
legitimate basis for finding probable cause to arrest [appellant] . . . and,
therefore, had the right to search the vehicle incident to arrest.@  The jury
convicted appellant of burglary of a habitation, and the judge sentenced him to
fifty years= incarceration.  On appeal, appellant argues that the
trial judge should have granted his motion to suppress because the deputies
arrested him and searched his truck without probable cause in violation of his
state and federal constitutional rights.

Standards of Review

In
reviewing a trial court=s ruling on a motion to suppress, we apply a bifurcated
standard of review.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000).  We give almost total deference to the trial court=s determination of historical facts
that depend on credibility and demeanor, but conduct a de novo review of the
trial court=s application of the law to facts if resolution of those ultimate
questions does not turn on an evaluation of credibility and demeanor.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We will sustain the
trial court=s ruling admitting the evidence if the ruling is reasonably supported by
the record and correct on any theory of law applicable to the case.  Laney
v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

 

 








Analysis

Appellant
contends that the trial judge erred in denying his motion to suppress because
the deputies lacked probable cause to arrest him and search his vehicle. 
Specifically, appellant argues that the judge erred because (1) there is no
evidence that a crime had been committed in the presence of the arresting
officer; (2) the deputies did not have a warrant to arrest appellant or search
his car; and (3) the other deputies= illegal search created Carroll=s  opportunity to see the gun in
plain view.  We disagree.

Article
14.03(a)(1) of the Texas Code of Criminal Procedure authorizes the warrantless
arrest of Apersons found in suspicious places and under circumstances which
reasonably show that such persons have been guilty of some felony, . . . breach
of the peace, . . . or are about to commit some offense against the laws.@  Tex. Code Crim. Proc. Ann. Art. 14.03(a)(1) (Vernon 2005). 
To justify an arrest under Article 14.03(a)(1), the State must prove not only
the existence of probable cause, but also that the defendant was found in a
suspicious place.  Goldberg v. State, 95 S.W.3d 345, 363 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).

We turn
first to the question of probable cause.  Probable cause exists when Athe facts and circumstances within
the officer=s knowledge and of which he has reasonably trustworthy information are
sufficient in themselves to warrant a man of reasonable caution in the belief
that a particular person has committed or is committing an offense.@  Amores v. State, 816 S.W.2d
407, 413 (Tex. Crim. App. 1991).  We utilize a totality of the circumstances
test in determining whether probable cause exists for a warrantless search and
seizure.  Id.   








Here,
Carroll had probable cause to believe that appellant had committed the felony
offense of burglary.  A person commits burglary when, without the effective
consent of the owner, the person Aenters a habitation, or a building .
. . not then open to the public, with intent to commit a felony@ or Aenters a building or habitation and
commits or attempts to commit a felony, theft, or an assault.@  Tex.
Pen. Code Ann. ' 30.02(a)(1), (a)(3) (Vernon 2003).  Carroll had been
informed that appellant was armed and dangerous, and his interviews with Nora
and Juanita revealed that appellant had followed Nora into her home uninvited,
threatened to kill both her and Juanita, and fired a gun inside the house. 
Therefore, under the totality of the circumstances, Carroll had probable cause
to arrest appellant without a warrant.  See Barocio v. State, 158
S.W.3d 498, 498 (Tex. Crim. App. 2005) (noting that officers had probable cause
to suspect burglary when a car with open doors and the keys in the ignition was
parked illegally in front of the home, there were pry marks on the door lock,
and officers heard noises inside the house); Casarez v. State, 504
S.W.2d 847, 849 (Tex. Crim. App. 1974) (stating that probable cause existed for
warrantless arrest when victim identified defendant as the person who had been
inside his home).[2]

Having
determined that Carroll had probable cause to arrest appellant, we now must
determine whether appellant was in a suspicious place.  AAny >place= may become suspicious when a person
at that location and the accompanying circumstances raise a reasonable belief
that the person has committed a crime and exigent circumstances call for
immediate action or detention by police.@ Swain v. State, 181 S.W.3d
359, 366 (Tex. Crim. App. 2005). Determining whether a place is suspicious for
purposes of Article 14.03(a)(1) is a highly fact specific inquiry.  Brown v.
State, 481 S.W.2d 106, 109 (Tex. Crim. App. 1972); State v. Parson,
988 S.W.2d 264, 268 (Tex. App.CSan Antonio 1998, no pet.).  A place may become suspicious
because of facts and circumstances known to the officer and any reasonable
inferences which can be drawn from those facts.  Cornejo v. State, 917
S.W.2d 480, 483 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d). 








Here,
Nora=s residence was a suspicious place
because the facts and circumstances known to Carroll indicated that appellant
had committed a burglary there.  The deputies responded to a 9-1-1 call
reporting a burglary in progress at the residence.  When the deputies arrived,
appellant was pulling out of Nora=s driveway.  Carroll=s interviews with Nora and Juanita
revealed that appellant (1) had been banging on the door; (2) had held Nora at
gunpoint and followed her into the house; (3) had threatened to kill Nora and
Juanita; and (4) had fired a bullet into the kitchen floor.  The mark on the
floor corroborated Nora=s and Juanita=s accounts.  Thus, Nora=s residence qualifies as a suspicious
place under Article 14.03(a)(1).   See Swain, 181 S.W.3d at 366 (finding
that location was suspicious because officers had reasonable belief that a
crime was committed there); see also Rance v. State, 789 S.W.2d
337, 339 (Tex. App.CHouston [14th Dist.] 1990) (stating that a place is
suspicious when persons fitting the general description of suspects are at the
location of an alleged drug crime seconds after it is reported), rev=d on other grounds, 815 S.W.2d 633 (Tex. Crim. App.
1991).

Because
appellant=s arrest was proper under Article 14.03(a)(1), the search of the truck
was justified as a search incident to arrest.  Failure to obtain a search
warrant is excusable under both the United States and Texas Constitutions when
the search is incident to a lawful arrest.  Clark v. State, 548 S.W.2d
888, 889 (Tex. Crim. App. 1977).  Officers are entitled to search the area
within the arrestee=s immediate control for weapons or evidence.  Chimel v.
California, 395 U.S. 752, 763 (1969); Carrasco v. State, 712 S.W.2d
120, 123 (Tex. Crim. App. 1986).  Because the truck was within appellant=s immediate control, the deputies
were entitled to search it after appellant=s arrest.

We find
that appellant=s arrest and the search of his truck were proper; therefore, we hold that
the trial judge did not abuse her discretion in denying appellant=s motion to suppress.   We overrule
appellant=s two points of error and affirm the judgment of the trial court.

 

/s/        Adele Hedges

Chief Justice

 

Judgment rendered and Opinion filed
June 29, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Appellant was charged with burglary of a habitation and possession of a
firearm in two separate cause numbers.  He pleaded Aguilty@ to possession of a firearm but
pleaded Anot guilty@ to the burglary charge.  Appellate counsel filed a brief in accordance with Anders
v. California, 386 U.S. 738 (1967) regarding the firearm charge, which we
address in a separate opinion.





[2]  Appellant argues that based on his own testimony,
the other deputies illegally searched the truck before Carroll interviewed Nora
and Juanita and developed probable cause.  There is no other evidence that the
other deputies= search preceded the establishment of probable cause. 
The trial judge found Carroll, not appellant, to be the more credible witness,
and we give almost total deference to this finding on appeal.  See Guzman,
955 S.W.2d at 89.