Affirmed and Majority and Dissenting Opinions filed June 28, 2007








Affirmed and Majority and Dissenting Opinions filed June 28,
2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00692-CR

____________

 

ROBERT HENRY SHEPHERD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1359600

 



 

M A J O R I T Y   O P I N I O N

Appellant Robert Henry Shepherd challenges his conviction
for the offense of possession of marijuana of more than two ounces and less
than four ounces.  After the trial court denied his motion to suppress a bag of
marijuana seized during a warrantless search of his residence, appellant
pleaded guilty and was sentenced to ten days= confinement in
the Harris County Jail.  In a single issue, appellant contends the trial court
erred in denying his motion to suppress.  We affirm.








I.  Factual and Procedural Background

Araceli Silva, who lived directly across the street from
appellant for sixteen years, testified that on December 8, 2005, she noticed
the front door to appellant=s residence was open and his van was
missing from the driveway.  Concerned about a possible break-in because
appellant typically used his garage door for entrance and exit and never left
his front door open, Silva contacted James Mosley, who lived next door to
appellant.  Mosley approached appellant=s residence,
walked through the open door about one or two feet, and called out for him. 
After receiving no response, Mosley and Silva decided to call the police.

Deputies Kraig Williamson and Jim Halm of the Harris County
Sheriff=s Department
responded to the open-door call at appellant=s address.  The
officers testified that these calls could involve a possible burglary, an
assault victim, or an otherwise injured homeowner inside the residence.  Deputy
Williamson stated that, upon arrival, he and Deputy Halm talked to Mosley, who
informed them appellant=s door had stood open Afor a period of
time@ and that he did
not think anyone was home.  According to Mosley, he also told the officers that
Silva had expressed concern about appellant and that he had entered appellant=s residence,
called out for him, and received no response.  Deputy Williamson could not
remember Mosley specifically stating he had called out for appellant and
received no response, and Deputy Halm maintained that neither officer spoke to
the neighbors until after they swept the house.    

The officers then approached appellant=s door and
announced their presence.  Receiving no answer, the officers entered appellant=s residence with
guns drawn to look for possible burglars or injured persons.  During their
sweep of the residence, the officers observed a clear plastic bag containing
what appeared to be marijuana on a table in the living room.  Deputy Williamson
seized the marijuana, which appellant confirmed was his upon returning shortly
thereafter.  The officers arrested appellant, and he was subsequently charged
with possession of marijuana.    

 








Appellant filed a motion to suppress the bag of marijuana,
which the trial court denied after a hearing.  The court recited the following
findings of fact and conclusions of law:  (1) On December 8, 2005, Silva became
Aalarmed@ because she
observed appellant=s front door left open, which was out of
the ordinary based on her experience, and, due to her concern, she contacted
Mosley, (2) Mosley entered appellant=s residence and,
upon a cursory inspection, called the police because he and Silva did not know
what or who, if anybody, was inside, (3) Deputies Williamson and Halm arrived
at the scene and found the front door open in accordance with the dispatch, (4)
pursuant to the exigent circumstances and their caretaking role, the officers
entered the residence to make sure no intruder with any weapons was inside that
could be a danger to themselves or others, (4) the deputies observed in plain
view a baggie containing what they believed to be marijuana, and they seized
it, (5)  the witnesses at the hearing were credible and believable, and (6) the
warrantless entry was justified by exigent circumstances, and there was
probable cause to seize the marijuana in plain view.  

Appellant now challenges his conviction, claiming the trial
court erred in denying his motion to suppress.  

II.  Standard of Review








We review the trial court=s decision on a
motion to suppress for an abuse of discretion.  See State v. Dixon, 206
S.W.3d 587, 590 (Tex. Crim. App. 2006).  We give almost total deference to a
trial court=s express or implied determination of historical facts
and of application-of-law-to-fact questions that turns on an evaluation of
credibility and demeanor.  See id.; Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997).  We review de novo the court=s determination of
application-of-law-to-fact questions not turning on credibility and demeanor,
including the court=s application of the law of search and
seizure to such facts.  See Dixon, 206 S.W.3d at 590; Guzman, 955
S.W.2d at 89.  We view the record in the light most favorable to the trial
court=s conclusion and
reverse the judgment only if it is outside the zone of reasonable
disagreement.  Dixon, 206 S.W.3d at 590.  We will sustain the trial
court=s ruling if it is
reasonably supported by the record and is correct on any theory of law
applicable to the case.  Id. 

III.  Analysis

Appellant contends the warrantless search of his residence
was not justified either under the exigent circumstances doctrine or emergency
doctrine.  He maintains that an Aopen door with no
one home, in broad daylight, is not the most unusual set of circumstances to
justify a warrantless entry to [a]ppellant=s home@ under either
doctrine.

To validate a warrantless search based on the exigent
circumstances doctrine, the State must satisfy a two-step process.  Gutierrez
v. State, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).  First, probable
cause must exist to enter or search a specific location.  Id.  In the
context of warrantless searches, probable cause exists when reasonably
trustworthy facts and circumstances within the knowledge of the officer on the
scene would lead a man of reasonable prudence to believe that the
instrumentality or evidence of a crime will be found.  Id.  Second, an
exigency that requires an immediate entry to a particular place without a
warrant must exist.  Id.  Three categories of exigent circumstances
justify a warrantless intrusion by police officers:  (1) providing aid or
assistance to persons whom law enforcement reasonably believes are in need of
assistance, (2) protecting police officers from persons whom they reasonably
believe to be present, armed, and dangerous, and (3) preventing the destruction
of evidence or contraband.  Id.  If the State does not adequately
establish both probable cause and exigent circumstances, then a warrantless
entry will not withstand judicial scrutiny.  Id. at 685B86.  The exigent
circumstances doctrine applies when the police act in their crime-fighting
role, which includes detection, investigation, or acquisition of evidence
relating to the violation of a criminal statute.  See Laney v. State,
117 S.W.3d 854, 861 (Tex. Crim. App. 2003). 








The emergency doctrine (also known as the Aemergency-aid@ doctrine) holds
that the AFourth Amendment does not bar police officers from
making warrantless entries and searches when they reasonably believe that a
person within is in need of immediate aid.@  See Laney,
117 S.W.3d at 860 (quoting Mincey v. Arizona, 437 U.S. 385, 392
(1978)).  Unlike the exigent circumstances doctrine, the emergency doctrine
applies when the police act in their community caretaking role and is limited
to the caretaking functions of protecting or preserving life or avoiding
serious injury.  Id. at 860, 861 (noting also that community caretaking
functions are Atotally divorced from the detection, investigation, or
acquisition of evidence relating to the violation of a criminal statute@).  To determine
whether a warrantless search was justified under the emergency doctrine, we
apply an objective standard based on the police officer=s conduct and the
facts and circumstances known to the officer at the time of the search.  See
id. at 862.  The search must be strictly circumscribed by the exigencies
which justify its initiation, and, if the doctrine applies, the police may
seize evidence in plain view.  Id. 








While we agree with the trial court=s conclusion that
the warrantless search of appellant=s residence did not
violate the Fourth Amendment, we disagree with the court=s application of
the exigent circumstances doctrine.  We conclude, rather, the search was
justified under the emergency doctrine.  Upon arriving at his residence, the
officers found appellant=s front door open, and Mosley informed
them the door had stood open for a period of time and that appellant did not
respond to calls for his name.[1] 
Deputy Williamson testified that it is not normal for a person to leave the
door wide open, and both officers stated that, based on their experience, open‑door
calls to residences can involve assault victims or persons otherwise injured
inside.  See Wiede v. State, 214 S.W.3d 17, 27B28 (Tex. Crim.
App. 2007) (holding that courts consider training, knowledge, and experience of
law enforcement officials when determining probable cause under Fourth
Amendment); Barocio v. State, 158 S.W.3d 498, 498 (Tex. Crim. App. 2005)
(noting officer=s experience that it would not be unusual
for burglars to smoke marijuana in home they were burglarizing in upholding
warrantless search of appellant=s residence under exigent circumstances
doctrine where officers smelled marijuana emanating from appellant=s residence). 
Mosley also relayed his and Silva=s concern for
appellant to the officers, and Deputy Halm noted that Aif someone calls,
obviously, they were upset enough to call the police about it.@  The Court of
Criminal Appeals, in applying the emergency doctrine, has emphasized the
officer=s reasonable
belief that concern expressed over an occupant is genuine, and the trial court
found these witnesses= testimony credible.  See Janicek v.
State, 634 S.W.2d 687, 691 (Tex. Crim. App. [Panel Op.] 1982); see also
Rauscher v. State, 129 S.W.3d 714, 722 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d); Celani v. State, 940 S.W.2d 327, 332 (Tex. App.CSan Antonio 1997, pet. ref=d).  As such, under these circumstances, we
find the facts known to the officers could establish a reasonable belief that
someone inside appellant=s residence needed immediate aid.

We therefore hold that the search was justified under the
emergency doctrine, that the police properly seized the bag of marijuana in
plain view, and that the trial court did not err in denying appellant=s motion to
suppress such evidence.  Accordingly, we affirm the trial court=s judgment.  

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Majority and Dissenting Opinions filed June 28, 2007.

Panel consists of
Justices Yates, Edelman, and Frost. (Edelman, J. Dissenting.)

Publish C Tex. R. App. P. 47.2(b).

 









[1]  We acknowledge the witnesses conflicted as to
whether Mosley spoke with the officers before they searched appellant=s residence and to the specific information he relayed
to them.  However, viewing the evidence in the light most favorable to the
trial court=s conclusion, we conclude the trial court could have
impliedly found that Mosley spoke with the officers and relayed this
information.  See
Dixon, 206 S.W.3d
at 590.