

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00613-CR

Travis Michael **QUICK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR9098
The Honorable Laura Lee Parker, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Irene Rios, Justice

Delivered and Filed: June 13, 2018

AFFIRMED

Travis Michael Quick pled nolo contendere to possession of a controlled substance and was sentenced to six months in state jail. On appeal, Quick asserts the trial court erred in denying his motion to suppress because the arresting officer's warrantless entry into his residence violated his constitutional rights requiring the suppression of any evidence seized as a result of the warrantless entry. We affirm the trial court's judgment.

## BACKGROUND

Officer Jim Acuna was the only witness to testify at the suppression hearing. Officer Acuna testified he and his partner were dispatched to a specific address for a burglary in progress.

Upon arriving at the address, Officer Acuna and his partner observed the front of the duplex appeared to be secure. As they approached the side of the duplex, Officer Acuna saw a vehicle parked beside the duplex. The vehicle's door was open, and Officer Acuna saw a man loading tools into the vehicle. Officer Acuna stated the door to the residence was also open, and it appeared the man was taking something from inside the residence and loading it into the vehicle, which was consistent with a possible burglary. A female was also standing outside.

The man did not respond to directions the officers gave him. When the officers told the female to come toward the officers, she moved toward the open door of the residence and started calling for someone who was inside the duplex. The person inside the duplex was later identified as Quick.

When Quick appeared, the officers asked for everyone's identification, and Quick stated his identification was inside the residence. Officer Acuna testified he followed Quick inside the residence for safety reasons because he was still investigating the possibility of a burglary. Officer Acuna did not recall how far into the residence he went, but he kept Quick in view. Quick grabbed a jacket and "came outside towards the door." Quick pulled his identification from a wallet which was inside the jacket and put the jacket down. Officer Acuna testified, "the jacket was left — the pocket was in an open position." When asked if the jacket was put down inside or outside the residence, Officer Acuna responded, "I don't — I want to say that it was outside, sir. But I don't — I don't recall as to if it was or not. But I want to say it was outside." Officer Acuna further testified, "the pocket was open. I peaked [sic] in there without actually going into it and there was a like a plastic baggie with a crystalline substance," which Officer Acuna recognized to be a narcotic. Officer Acuna stated the pocket was open enough for him to see the plastic baggie "without having to actually go into it." Quick was then detained and subsequently arrested for

possession of a controlled substance. After Quick was detained, the officers discovered dispatch sent them to the wrong address.

After hearing Officer Acuna's testimony, the trial court denied the motion to suppress, concluding "[t]he contraband was in plain view." Quick appeals.

## STANDARD OF REVIEW

"We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review." *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). "At a motion to suppress hearing, the trial judge is the sole trier of fact and judge of credibility of witnesses and the weight to be given to their testimony." *Id*. at 190. "Therefore, we afford almost complete deference to the trial court in determining historical facts." *Id*. "On the other hand, we apply a ***de novo*** standard of review to the legal significance of the facts as found by the trial court." *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 35 (Tex. Crim. App. 2017) (emphasis in original). "We will sustain the ruling of the trial court if it is correct under any applicable theory of law." *Lerma*, 543 S.W.3d at 190.

## DISCUSSION

"While searches conducted without a warrant are per se unreasonable, seizing contraband in plain view does not run afoul of the Fourth Amendment." *State v. Betts*, 397 S.W.3d 198, 206 (Tex. Crim. App. 2013). "The 'plain view' doctrine permits an officer to seize contraband which he sees in plain sight or open view if he is lawfully where he is." *Id*. (internal quotation omitted). "[T]hree requirements must be met to justify the seizure of an object in plain view." *Id*. "First, law enforcement officials must lawfully be where the object can be 'plainly viewed.'" *Id*. (quoting *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009)). "Second, the 'incriminating character' of the object in plain view must be 'immediately apparent' to the officials." *Id*. "And third, the officials must have the right to access the object." *Id*.

In this appeal, Quick challenges the first requirement of the plain view doctrine by asserting Officer Acuna unlawfully entered the residence. "In determining whether [an] officer had a right to be where he was, the [United States] Supreme Court requires that 'the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed.'" *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000) (quoting *Horton v. California*, 496 U.S. 128, 136 (1990)).

Officer Acuna testified he "want[ed] to say that [the jacket] was outside" the residence when he saw the narcotics inside the open pocket of the jacket. From this testimony, the trial court could have found Officer Acuna was outside the residence when he saw the narcotics in plain view. And, Officer Acuna was lawfully outside the residence having been dispatched to that location for a burglary in progress. *Robles v. State*, No. 05-97-01466-CR, 1999 WL 184918, at *1-3 (Tex. App.—Dallas Apr. 6, 1999, no pet.) (holding officer lawfully on premises outside appellant's door since officer was dispatched to 1404 Spring Valley Road and was unaware the apartment complex had apartments designated as 1404E and 1404W) (not designated for publication); *see also Barocio v. State*, 158 S.W.3d 498, 500 (Tex. Crim. App. 2005) ("The possibility that a burglary is in progress or has recently been committed may provide officers with exigent circumstances to justify a warrantless entry."); *Rothstein v. State*, 267 S.W.3d 366, 374 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (holding deputies lawfully present on curtilage of residence when responding to call to police reporting a burglary in progress).

Because the trial court could have found from the evidence that Officer Acuna was outside the residence when he saw the narcotics in plain view, we hold Officer Acuna lawfully had a right to be where he was when he plainly viewed the narcotics. Because Quick's brief does not challenge the other two requirements that must be met to justify the seizure of an object in plain view, we also need not address them. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH