

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00392-CR
### NO. 02-14-00393-CR
### NO. 02-14-00394-CR

BROOKS L. BURTSON                                                      APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1340778D, 1340779D, 1340780D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Brooks L. Burtson appeals his conviction of possession of 28 grams or more but less than 200 grams of dihydrocodeinone with the intent to deliver, a second-degree felony enhanced with a prior felony drug conviction, in cause number 02-14-00392-CR; his conviction of possession of one gram or

---

[1]*See* Tex. R. App. P. 47.4.

more but less than 4 grams of cocaine with the intent to deliver, a second-degree felony enhanced with a prior felony drug conviction, in cause number 02-14-00393-CR; and his conviction of possession of 4 grams or more but less than 200 grams of methamphetamine with the intent to deliver, a first-degree felony, in cause number 02-14-00394-CR.[2] *See* Tex. Health & Safety Code Ann. §§ 481.112(c), (d), .114(c) (West 2010).

Burtson filed a motion to suppress evidence,[3] which the trial court overruled. Burtson then pleaded guilty to the three offenses and true to the enhancement allegations in cause numbers 02-14-00392-CR and 02-14-00393-CR in exchange for ten-year sentences in each case, to be served concurrently.[4] The trial court certified that Burtson had the right to appeal those matters raised by written motion filed and ruled on before trial and not withdrawn or waived. *See* Tex. R. App. P. 25.2(a)(2)(A). This appeal followed.

---

[2]The judgment of conviction in cause number 02-14-00394-CR reflects that the habitual-offender notice for this offense was waived prior to Burtson's plea.

[3]In his motion, Burtson complained that the Arlington police had violated his constitutional and statutory rights when his residence was searched without a warrant, probable cause, or other lawful entry, arguing for suppression under the Fourth, Fifth, Sixth, and Fourteenth Amendments; article I, sections 9, 10, and 19 of the Texas Constitution; and article 38.23 of the code of criminal procedure. Burtson sought to suppress any tangible evidence seized in connection with his detention and arrest or during the investigation of the case, as well as any police testimony referencing such evidence.

[4]The punishment range for the two second-degree felonies, enhanced by Burtson's prior felony conviction, would have otherwise been the same as for the first-degree felony offense: confinement from 5 to 99 years or life. *See* Tex. Penal Code Ann. §§ 12.32–.33 (West 2011), § 12.42(b) (West Supp. 2015).

In his single issue, Burtson argues that the trial court should have suppressed the drugs that resulted in his convictions, complaining that the "3-plus hour delay" that he had to wait while detained until a search warrant arrived was unreasonable. He complains that he was unreasonably detained "based upon no articulable facts other than the police finding a small amount of marijuana in plain view."

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

Arlington Police Sergeant Paul Shackelford and Officer Casey Brashear testified at the suppression hearing, as did Burtson. At the conclusion of the suppression hearing, the trial judge found that the officers smelled freshly burned marijuana when Burtson opened the door to his hotel room, that Burtson invited them into the hotel room, and that upon entering the room, they noticed

marijuana in plain view. When Burtson denied their request for consent to search, they obtained a search warrant and found the drugs at issue here.[5]

The record reflects that the police went to Burtson's hotel room at around 7:12 p.m. and that the warrant was issued at 10:38 p.m. In the interim, they met Burtson, smelled and saw marijuana, and arrested his girlfriend on a confirmed arrest warrant. While one officer booked the girlfriend into jail, another one prepared the warrant application, and Sergeant Shackelford, their supervisor, then returned to the station to review the application[6] before presenting it to the magistrate. No one testified how long it *should* have taken to obtain the search warrant, how much of the 7:12–10:38 p.m. time period was involved in preparing and obtaining the warrant versus the officers' conversation with Burtson and his girlfriend prior to the detention, or how long it took everyone to commute back and forth from the police station before presenting the warrant to Burtson.[7]

The marijuana in plain view provided the police with probable cause for an arrest, and nothing in the record indicates that the police were not diligent in

---

[5]The officers' testimonies support these findings, while Burton's testimony contradicts them. The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).

[6]The police had to page the magistrate judge after Sergeant Shackelford reviewed the search warrant.

[7]Sergeant Shackelford speculated that it took fifteen to twenty minutes for the officers to return to the hotel with the warrant.

pursuing the search warrant during the time period in question.[8] *See Reynolds v. State*, No. 09-02-00025-CR, 2003 WL 297511, at *1–2 (Tex. App.—Beaumont Feb. 12, 2003, no pet.) (not designated for publication) (holding that three hours to obtain search warrant was not unreasonable when nothing showed officers were not diligent in obtaining it); *see also Illinois v. McArthur*, 531 U.S. 326, 328, 121 S. Ct. 946, 948 (2001) (holding that police, who had probable cause to believe that a man had hidden marijuana in his home, acted reasonably when they prevented the man from entering the home for approximately two hours while they obtained a search warrant); *cf. Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002) (requiring specific, articulable facts to support a detention based on reasonable suspicion); *Radford v. State*, 56 S.W.3d 346, 349–50 (Tex. App.—Eastland 2001, pet. ref'd) (reversing denial of motion to suppress when no controlled substances were found prior to execution of search warrant despite officer's testimony about the scent of freshly burned marijuana);[9] *Newhouse v.*

---

[8]A delay in an officer's required investigation to confirm or dispel his or her suspicions and a resultant prolonged detention is reasonable, for example, when the delay furthers legitimate law-enforcement purposes, such as securing the scene, complying with departmental procedures, ensuring officer safety, and bringing in officers with greater expertise who can complete an investigation more rapidly. *Grandberry v. State*, No. 02-13-00488-CR, 2014 WL 3029045, at *4 (Tex. App.—Fort Worth July 3, 2014, no pet.) (mem. op., not designated for publication).

[9]In *Radford*, the court held that the "mere smell of burned marijuana" did not provide justification for "officers barging into homes, arresting the homeowner, and then obtaining a search warrant." 56 S.W.3d at 350; *cf. Parker v. State*, 206 S.W.3d 593, 598 n.21 (Tex. Crim. App. 2006) (explaining that the

*State*, 53 S.W.3d 765, 768–70 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (holding that the trial court should have suppressed the evidence when police had no legally sufficient reason to enter appellant's motel room without a warrant before his arrest). Therefore, giving deference to the trial court's fact findings as we must, we overrule Burtson's single issue and affirm the trial court's judgments.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2015

---

issue in *Radford* was the validity of a warrantless entry and *arrest* based solely upon the smell of burnt contraband, not probable cause for a search warrant).